## 25091. MILLER *et al.* *v.* THE STATE.

MacINTYRE, J. 1. "Experiments made in and out of court sometimes make a practical demonstration of the question in issue, and are often the best evidence in elucidating the truth. It is necessarily largely within the discretion of the trial court to determine whether the testimony

shows that the experiments were made under such conditions as to fairly illustrate the point in issue. Yet, when it is shown that the conditions were essentially the same, the testimony should be admitted, and its weight determined by the jury. If the experiments be predicated upon different facts than those in the particular case, evidence of the results would tend to confuse rather than enlighten the jury, and should be excluded. We think the true rule is that there should be substantial and reasonable similarity in the facts proved in the case and the facts upon which the experiment is based. The facts need not be exactly or in every particular similar; if they are sufficiently similar to accomplish the purpose of assisting the jury to intelligently consider the issue of fact presented in regard to the special point in controversy, the evidence is admissible. Of course the closer the similarity in the facts of the case and the facts of the experiment, the greater the probative value of the evidence." *Atlanta & West Point R. Co.* v. *Hudson*, 2 *Ga. App.* 352, 354 (58 S. E. 500). *Held*, that there was a substantial and reasonable similarity in the fact proved in this case and the fact upon which the experiment was based; and that the judge did not abuse his discretion in allowing the experiment to be made in the court-room.

2. The judge, in his charge to the jury, did not commit reversible error for any of the reasons assigned.

3. The evidence connecting the defendants with the crime charged, while wholly circumstantial, was sufficient to authorize the jury to find that it excluded every reasonable hypothesis except that of their guilt.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED APRIL 24, 1936.

*Clarence E. Adams, Paul L. Lindsay,* for plaintiffs in error.
*A. S. Skelton, solicitor-general, R. Howard Gordon,* contra.

