41425. SMITH v. GOERLICH'S, INC.

ARGUED JULY 8, 1965—DECIDED SEPTEMBER 10, 1965— REHEARING DENIED SEPTEMBER 27, 1965.

*George S. Stern, Sidney I. Rose,* for plaintiff in error.
*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* contra.

JORDAN, Judge. This was a suit to recover the sum of $5,823.64 allegedly due the plaintiff under a contract of guaranty executed by the defendant. The petition alleged that on or about May 19, 1960, the plaintiff, induced by the defendant's representations of financial resources, entered into a contract with the defendant under the terms of which the defendant did "personally guarantee to satisfy all financial obligations created in the name of Southern Autom. Whse. of Atlanta, Ga.," copies of this agreement and of the defendant's financial statement being attached as exhibits to the petition; that in reliance on this agreement the plaintiff extended credit to Southern Automotive Warehouse and sold and delivered to it certain muffler and exhaust system parts as shown by an attached exhibit;

that the balance due the plaintiff on account of the sale and delivery of the merchandise is $5,823.64, as shown by an attached exhibit; that Southern Automotive Warehouse has failed and refused to pay such sum on demand by the plaintiff; and that the plaintiff had demanded payment of this sum from the defendant who has failed and refused to pay.

The defendant in his amended plea and answer alleged that this guaranty agreement was executed by him pursuant to a contract between the parties under the terms of which the plaintiff was to perform the following services for Southern Automotive Warehouse, Inc.: "(a) Furnish one (1) field man to travel with the Southern Automotive Warehouse, Inc. salesmen for a period not less than three (3) months. (b) Train Southern Automotive Warehouse, Inc. salesmen in the proper methods of selling plaintiff's product. (c) Introduce Southern Automotive Warehouse, Inc. salesmen to the customers formerly serviced by the plaintiff's previous distributor in the sales territory to be covered. (d) To supply the existing needs of the customers in the area to be serviced by defendant until such time as a sales force could be trained. (e) To take any and all steps necessary to retain the former customers of the previous distributor in said area for Southern Automotive Warehouse, Inc. until such time as the Southern Automotive Warehouse, Inc. sales program became operational." The defendant further alleged that the plaintiff had not performed its obligations under this contract; and that as a result of the plaintiff's breach of this agreement, the defendant has sustained a loss of $10,000 for which a recovery was sought.

The case proceeded to trial and at the conclusion of the evidence the plaintiff made a motion for a directed verdict which was granted. The exception is to that judgment and to the subsequent order of court denying the defendant's amended motion for new trial.

1. The evidence adduced on the trial of this case demanded the finding that the sum of $5,823.64 was due to the plaintiff under the guaranty of payment agreement, the execution of which had been admitted by the defendant, and since the defendant did not sustain the burden of proof as to the allegations

of his amended plea, answer and cross action (*Nutting v. Wilson,* 75 Ga. App. 148, 151 (42 SE2d 575)), the trial court did·not err in directing a verdict for the plaintiff in the amount for which suit was brought. *Code Ann.* § 110-104; *Ray v. Marett,* 84 Ga. App. 86 (65 SE2d 646).

While the evidence authorized a finding that the plaintiff corporation had obligated itself to provide some assistance of a general and indefinite nature to the original debtor, Southern Automotive Warehouse, Inc., in the field of sales organization and promotion, the evidence demanded a finding that the plaintiff had rendered certain services to this company in this field, and there was no evidence from which the jury could find that the plaintiff had failed to fulfill its obligations by expressly refusing to do any specific thing called for.

2. "An assignment of error on the exclusion of documentary evidence which fails to set out in substance or by way of exhibit [or by specific reference to another part of the record] the document excluded, and which fails to state the objections to the admission of such evidence which were sustained by the court, is too vague and indefinite to present any question to this court." *Smith v. Manley,* 96 Ga. App. 158 (1) (99 SE2d 534).

The sole special ground of the amended motion for new trial assigns error on the exclusion of certain documentary evidence offered by movant, it being alleged therein that a copy of the excluded document was attached to the motion as Exhibit "A." Assuming for the sake of argument only that a purported exhibit which appears in the record before this court on an unnumbered page following the trial court's certificate of approval of the amended motion and acknowledgment of service of the motion by opposing counsel and which was not specifically identified as being "Exhibit 'A' to the amended motion," is· the exhibit referred to in this ground and is properly attached thereto, such ground is still too incomplete to require consideration by this court. This ground fails to show why the evidence was rejected by the trial court and does not allege that such evidence was beneficial to the movant and its exclusion prejudicial to him. *Wood v. Hamilton,* 109 Ga. App. 608, 611 (137

SE2d 61); *Day v. Phillips*, 107 Ga. App. 824, 825 (3) (131 SE2d 778); *Steed v. Cruise*, 70 Ga. 168 (4); *Campbell v. Walker*, 20 Ga. App. 88 (4) (92 SE 545). "It is a settled rule that the reviewing court cannot consider exceptions to the admission or rejection of evidence unless it is shown what was the particular objection made at the time the evidence was offered upon which the trial court made its ruling." *Quillian v. Tuck*, 66 Ga. App. 472, 477 (17 SE2d 921).

3. The general grounds of the motion for new trial are without merit.

*Judgment affirmed. Felton, C. J., and Deen, J., concur.*