## 42027. PETERS v. THOMPSON.

PANNELL, Judge. Plaintiff appellant, on February 26, 1964, filed a petition in the Superior Court of Whitfield County alleging that the defendant appellee was indebted to him for the amount of $430 for labor and materials furnished by appellant in drilling a well on certain described property of the defendant; that a claim of lien upon certain real estate was recorded within the time required by law in the superior court of the county where the land lay, a copy of which was attached to the petition. The prayers were for a general judg-

ment against the defendant and for a judgment declaring a special lien against the real estate. On the same day that the petition was filed, process was issued by the clerk of the superior court and attached to the petition. On the next day, February 27, 1964, the Sheriff of Whitfield County made a return reciting that after diligent search, the defendant could not be found in Whitfield County. On April 8, 1964, an order was entered reciting that it appeared that the defendant did not reside in this county or in this State, and ordering that service be perfected upon the defendant by publication. So far as the record discloses this was not done nor is there any order of the court in the record declaring such service perfected. The clerk of the superior court, without any order from the judge thereof, issued a new process on June 4, 1964, copy of which was served personally upon the defendant appellee on June 9, 1965, together with a copy of the petition. A return to that effect was entered upon such process on the same date. On September 14, 1965, the trial judge entered a judgment against the defendant in the amount of the principal and the interest sued for "as a special lien" on the property described in the petition, the order reciting that the judgment was entered pursuant to the fact that the case was in default. No appearance was made or any pleadings filed by the defendant prior to the rendition of this judgment. On February 24, 1966, the defendant appellee filed his motion to set aside the judgment on several grounds among which was that the second process issued by the clerk was null and void and no valid process having been served upon the defendant, the judgment entered up by the court was void because the court did not have jurisdiction of the person of the defendant, that the judgment was null and void because it was obtained without a verdict of a jury, all of which was disclosed by the record of the case, which record in the case was attached as an exhibit to the motion. Rule nisi issued, and after hearing thereon, the court on March 3, 1966, entered an order vacating and setting aside the judgment and directed the clerk to mark said judgment vacated and to mark canceled any and all execution issued as a result of that judgment. The plaintiff appellant has brought the case to this court complaining of the ruling of the trial judge vacating and setting aside the judgment. *Held:*

1. The procedure for asserting a lien' on real estate for labor

and materials by a mechanic is a statutory right and must be followed strictly to be made available, "and when done otherwise, it wants legal sanction and is without legal effect." *Snow v. Council*, 65 Ga. 123. The statute (*Code* § 67-2301) provides in Paragraph 2 that "[i]n declaring for such debt or claim the claimant of the lien shall set forth his lien, and the premises on which he claims it; and if the lien shall be allowed, the verdict shall set it forth, and the judgment and execution be awarded accordingly." It appearing upon the face of the record that no proof was offered in support of the claim of lien and no verdict of the jury was had thereon, there was nothing upon which the judgment and execution could be "awarded accordingly." The judgment and execution were respectively illegally entered and issued. The trial court did not err in setting aside the judgment and directing the clerk to mark the execution issued thereon canceled of record. See *Code* § 110-702.

2. Whether or not the trial judge was correct because of other reasons stated in the motion, we do not decide, but leave these questions open in the event they should now be raised by an attack on the service in the court below.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

SUBMITTED MAY 2, 1966—DECIDED SEPTEMBER 6, 1966.

*John D. Edge,* for appellant.

*McCamy, Minor, Vining & Phillips, Robert L. Vining, Jr.,* for appellee.