## 56308. MONTFORD v. CORDELL LUMBER COMPANY, INC.

BIRDSONG, Judge.

The appellee, Cordell Lumber Co., Inc. ("Cordell"), brought suit against the appellant, Montford, in two counts, seeking a general judgment against Montford and a special lien against her property. The jury verdict, in its entirety, was as follows: "We the jury find in favor of the plaintiff [Cordell], and award the amount of $3,281.77. [Signature of foreman and date.]" No lien was set forth in the verdict; however, the trial judge entered judgment against the appellee in the amount of $3,281.77 and granted a special lien against her property. The appellee thereafter filed a motion for judgment nov, which the trial court granted as to the general judgment only. From the denial of her motion for judgment nov as to the lien, Montford appeals. *Held:*

1. " 'The lien laws are in derogation of the common law and are to be strictly construed... [Cits.]' [Cit.]" *Wall v. Mills,* 126 Ga. App. 149, 150 (2) (190 SE2d 146). Code Ann. § 67-2301 (2), which stipulates the manner of foreclosure of real estate liens, provides in pertinent part: "the claimant of the lien shall set forth his lien, and the premises on which he claims it; and if the lien shall be allowed, *the verdict shall set it forth,* and the judgment and execution be awarded accordingly." (Emphasis supplied.) Clearly, the statute requires that the jury specifically set forth a verdict creating a lien before judgment and execution may be awarded thereon.

2. "When this court discovers from the record that a judgment brought here for review is void for any reason, it

will of its own motion reverse it. [Cit.]" *Adams v. Payne,* 219 Ga. 638, 640 (135 SE2d 423). Where, as here, there appears in the record no jury verdict setting forth the claim of lien, there is nothing upon which judgment and execution may be "awarded accordingly." *Peters v. Thompson,* 114 Ga. App. 228 (1) (150 SE2d 842). Accordingly, the judgment of the trial court in which a lien was created in favor of Cordell was void.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 25, 1978.

*Arthur P. Tranakos, Barry L. Zipperman,* for appellant.

*B. H. Baldwin,* for appellee.