### 59456. BROWN v. GARCIA et al.

SMITH, Judge.

This is an action for damages incurred as the result of an automobile collision. The jury awarded plaintiff/appellant $1,500. This appeal arises from the trial court's denial of appellant's motion for a new trial on the general grounds in which she also contended that the trial court erred in charging as to comparative negligence. We affirm.

1. Appellant contends that since the intersection where the accident occurred was controlled by a properly operating traffic light, a charge on the theory of comparative negligence was error, citing *Tallent v. McKelvey,* 105 Ga. App. 660, 663 (125 SE2d 65) (1962). However, prior to instructing the jury, the trial judge and counsel for both parties reviewed the various requests to charge. After discussing whether there might be a better charge on comparative negligence than the one offered by appellee, the judge asked, "This is comparative negligence. You don't have any objection to this one?" Appellant responded, "No." After the charge to the jury was given, the judge informed the parties that each had "an opportunity to note any exceptions or objections to the charge of the court." Appellant replied, "None on behalf of the plaintiff." Finally, after the judge had recharged the jury in order to correct a misstatement, he inquired whether there were any further exceptions or objections and again

appellant replied in the negative. "Section 17 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31) as amended . . . (Code Ann. § 70-207) provides that no party may complain of the giving of an instruction to the jury or the failure to give an instruction unless he objects thereto before the jury returns its verdict, but states further: 'Notwithstanding any other provision of this section, the appellate courts shall' consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not.'

"We construe the latter portion of the section to refer only to the failure to make objection to the charge, and not to those instances where the giving of an instruction, or the failure to give an instruction, is . . . specifically acquiesced in by counsel." *Irvin v. Oliver,* 223 Ga. 193, 195-196 (154 SE2d 217) (1967). Since the record indicates that appellant not only made no objection to the charge of the court but, in fact, specifically acquiesced to the charge now complained of, her first enumeration of error is without merit. *Irvin,* supra; see also *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979); *Hodges v. State,* 147 Ga. App. 434 (249 SE2d 149) (1978).

2. Appellant also cites the general grounds contending that the verdict as rendered was contrary to the evidence and the principles of justice and equity. The parties stipulated that appellant had been fully compensated for her medical expenses and lost wages under the Georgia Motor Vehicle Accident Reparations Act. Ga. L. 1974, pp. 113, 116 (Code Ann. § 56-3403b). Therefore, only the amount of her general damages (loss of earning capacity and pain and suffering) remained for the jury's consideration. " 'The amount of damages returned by the jury in . . . a verdict, for pain and suffering, sustained because of alleged negligence, being governed by no other standard than the enlightened conscience of impartial jurors, the question of the inadequacy of the verdict is not one which can be raised by the general grounds in a motion for new trial. (Citations.)' *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705, 707 (2) (181 SE 315)." *Murray v. Woods,* 106 Ga. App. 267, 268 (126 SE2d 828) (1962). Therefore, appellant's second enumeration of error is also meritless.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED FEBRUARY 5, 1980 — DECIDED JUNE 11, 1980.

*George W. Carreker,* for appellant.
*Alan F. Herman, Rosemary Lawlor,* for appellees.