60500. MEADOWS v. OATES.

DEEN, Chief Judge.

An action was brought on behalf of Mable Meadows to recover damages for injuries allegedly sustained when an automobile owned by Naomi Oates struck the child. The evidence showed that Mrs. Oates parked her automobile at the side of an elementary school parking lot facing a playground. The vehicle rolled from the place where it was parked into the playground and struck the plaintiff. An appeal is brought from a jury verdict in favor of the defendant.

1. Appellant first contends that the trial court gave an erroneous charge on res ipsa loquitur. Appellant objects to the last portion of the charge: "I charge you that the doctrine of res ipsa loquitur is not applicable where there is some intervention or intermediate cause which could produce the injury complained of

instead of the acts of defendant."

Contrary to appellant's contentions, we find that the evidence did warrant a charge on res ipsa loquitur. Mrs. Oates testified that she arrived at the school at approximately 12:30 p.m., that she parked along the side of the parking lot because all of the parking spaces were taken, that she believed she had put the automatic transmission in "park," that she did not engage the emergency brake, and that she locked all of the doors of her car. The accident occurred sometime between 2:15 and 2:30 p.m. The sheriff testified that his examination of the automobile immediately after the accident revealed that all of the doors were locked, the emergency brake was not engaged and the automatic transmission was in gear.

The doctrine of res ipsa loquitur has been held not to apply in situations where an automobile which is parked on an incline for a considerable period of time without moving suddenly runs away because of the possibility of intervening cause. See *Kroger Co. v. Perpall,* 105 Ga. App. 682 (125 SE2d 511) (1962). There was, however, testimony by Dorothy Meadows, a schoolgirl who witnessed the accident, that she saw Mrs. Oates drive up, park, and get out of her automobile about 2:30 p.m. (shortly before the accident occurred). Although another teacher testified that Mrs. Oates was in the school when she arrived between 1:30 and 1:45 and that Mrs. Oates did not leave the school, the conflicting testimony would be a matter for jury resolution. Mrs. Oates also testified that after the accident she noticed a chip on the top of the window near the driver's side which she had not noticed previously, but nothing inside the car appeared to be disturbed. In view of all the testimony, we do not believe that the court erred in charging on intervening cause. The charge as given is a correct statement of the law. *Parker v. Dailey,* 226 Ga. 643, 645 (177 SE2d 44) (1970).

2. Appellant's contention that the trial court erroneously refused to give his unattended motor vehicle charge (request No. 2) is without merit. As plaintiff did not object to the failure of the court to give this charge in the court below before verdict, there is nothing for this court to review on appeal. Code Ann. § 70-207 (a); *Shipman v. Horizon Corp.,* 151 Ga. App. 242 (259 SE2d 221) (1979).[1]

---

[1]As we have searched the record and cannot find a copy of appellant's requests to charge or the trial court's ruling upon this request in the transcript, we are treating this enumeration as failure to give a charge. This case is thus distinguished from *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (195 SE2d 417) (1973) where the court held that the party submitting a request to charge is not required to restate the grounds of his objection to the refusal to charge timely submitted written requests after the court has heard argument on the requests and has made its ruling thereon.

3. The trial court did not err in allowing evidence of an experiment made by the defendant to be presented to the jury.

As part of her case, appellee testified that she returned to the same parking lot in the same automobile some eighteen months after the accident. She testified that all conditions under which the test was conducted were similar to those existing on the day of the accident: It was a warm day, the gearbox, transmission and tire pressure were the same and that there had been no changes in the parking lot although a fence running along the side of the lot had been extended. She parked her automobile in the same position and put her transmission in "park." She got out and the car did not roll forward either on its own or after she pushed it. She then put the transmission in "drive" and got out. The car still did not move until she pushed it from the rear.

"The admission of testimony as to experiments rests largely in the discretion of the trial judge, and the exercise of this discretion will not be controlled unless manifestly abused. The weight of such testimony is for the jury, and varies according to the circumstances of similarity which they may find to exist between the experiments and the actual occurrence under investigation. [Cits.]" *West v. State,* 200 Ga. 566, 571 (37 SE2d 799) (1946). See also *Atlanta & West Point R. Co. v. Hudson,* 2 Ga. App. 352 (58 SE 500) (1907). We find no abuse of the trial court's discretion.

4. The trial court did not err in sustaining defense counsel's objection to plaintiff's opening statement that they were not seeking the first $2,500 in medical expenses because they could get that amount under the defendant's no-fault insurance coverage.

In answer to interrogatories, defendant stated that the insurance policy on her automobile provided for no-fault coverage. Plaintiff served her with a notice to produce all insurance policies providing coverage under the Georgia Motor Vehicle Accident Reparations Act which were in effect at the time of the accident and stated that the documents would ". . . be used by the plaintiff as evidence pertinent to the cause in evidence." The defendant immediately filed a motion to quash or, in the alternative, a protective order. After a hearing, the trial court entered an order directing the defendant to produce the insurance policy and ordered: "No comment or evidence with respect to the insurance policy issued by Allstate Insurance Company to the defendant shall be introduced before the jury when impaneled to try the captioned case, and any evidence with respect to the existence of said policy of insurance to include coverages afforded the plaintiff or defendant, therein, if introduced into evidence, shall be done before this court alone outside the hearing of the jury impaneled to try the captioned

matter."

Under the rule set forth in *Powell v. Manning,* 242 Ga. 778, 779 (251 SE2d 522) (1979), there is a presumption that the driver is insured to the extent of the statutory minimum coverage. "If the [plaintiff] challenges the right of the driver to invoke exemption from suit, the burden of proof then is upon the driver to establish the fact of no-fault coverage in at least the statutory minimum amount. A trial of all issues as to whether or not a driver is entitled to invoke the exemption provided by Code Ann. § 56-3410b (a) should be conducted before the court sitting without a jury in the event the parties are unable or unwilling to stipulate the driver's entitlement to raise the exemption. *Neither the amount nor the fact of insurance coverage should be presented to the jury.* The stipulation of entitlement should appear in the record or transcript, depending upon whether it is in writing or was stated orally to the court, or a transcript of proceedings should be made if the issue is tried before the court." (Emphasis supplied.)

In the present case, the defendant followed the Supreme Court's guidelines; she admitted the existence of no-fault insurance, she produced the policy, and at trial it was stipulated that she had minimum coverage. In view of the holding in the *Powell* case and the trial court's order, the plaintiff had no right to refer to the fact that the defendant had insurance coverage. The court informed counsel that he could inform the jury that the plaintiff was "not after the first $2,500 worth of medical expenses, just don't mention the word 'insurance.'" We fail to see how the plaintiff was harmed in any way by this ruling; he was unable to get the first $2,500 worth of medical expenses before the jury to show pain and suffering. The trial court's charge on the $2,500 exclusion under the Georgia Motor Vehicle Accident Reparations Act provided the jury with an explanation as to the reason why the plaintiff was not seeking that amount as medical expenses and provided a method for calculating the correct amount of damages. The plaintiff did not except to this portion of the trial court's charge. This enumeration is without merit.

5. The appellant also asserts the general grounds. We have reviewed the entire transcript and find that the verdict is amply supported by the evidence. Mable Meadows had a pre-existing condition (scoliosis) at the time of the accident. In the accident itself, she did not receive any broken bones, but did receive various cuts and bruises. While one of the expert witnesses testified that the trauma received in the accident could aggravate the scoliosis and cause pain, he also stated that many of her problems were the result of normal growth and the scoliosis itself. The other expert believed that the scoliosis was responsible for her continued pain.

The first expert testified that his orthopedic specialty was spinal surgery and that the second one was a scoliosis expert and that he would defer to the other doctor's opinion in medical questions pertaining to that disease. Accordingly, the jury did not err in finding that the trauma did not aggravate the pre-existing condition by denying any damages to the plaintiff.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED
OCTOBER 22, 1980.

*L. B. Kent,* for appellant.
*Richard A. Marchetti,* for appellee.