## 65169. THOMPSON v. CROUCH CONTRACTING COMPANY, INC.

DEEN, Presiding Judge.

On October 21-22, and November 2-3, 1978, appellee, Crouch Contracting Company, Inc., graded certain property owned by appellant, Thompson. Appellee billed appellant $8,402.50 for the labor and materials, which appellant refused to pay. Appellee filed a materialmen's lien against the property on January 22, 1979, and subsequently brought suit against appellant seeking a general judgment under a contract, and a special lien against the property.

In answering the complaint, appellant asserted that he and three other persons, who had not been made parties to the action, had contracted with appellee for the grading work, and therefore any liability was shared jointly. No motion for joinder was made, and none of the three persons sought to intervene.

The jury returned a verdict of $8,402.50 for appellee, but did not set forth an award of a special lien. In entering the judgment, however, the trial court also granted a special lien on the property.

Appellant enumerates the following as error: (1) The trial court erred in granting a final judgment containing a special lien against certain property when the lien was not set forth in the jury's verdict; (2) the trial court erred in failing to charge the law on joint contractors and joint liability; (3) the trial court erred in instructing the jury that even if it found a joint contract between appellant and the three other persons on one hand and appellee on the other, it must find a general verdict for appellee; (4) the trial court erred in instructing the jury as to the possible forms of verdict; (5 and 6) the trial court erred in failing to charge the jury on the law relating to performance of contracts, damages, and set-off; and (7) the trial court erred in failing to charge the provisions of law contained in Code Ann., § 67-2002. *Held:*

1. Appellant asserts that the trial court could not grant a special lien on the property when the jury had set forth only a general judgment, relying upon *Montford v. Cordell Lumber Co.,* 147 Ga. App. 720 (250 SE2d 173) (1978). The argument may have merit, but its appears from the record that appellant attacks the judgment for the first time with this appeal. This enumeration of error thus is barred procedurally. *Buck Creek Indus. v. Williams-East, Inc.,* 130 Ga. App. 813 (204 SE2d 787) (1974).

2. The remainder of appellant's enumerations concern his objections to the trial court's charges to the jury.

The requested charge on the law on joint contractors and joint liability has validity only in conjunction with appellant's argument that three other persons, alleged by appellant to have been his joint contractors with appellee, should have been added as parties to the action. "As a general rule, where suit is brought upon a joint contract, all of the joint contractors should be made parties defendant." *Gate City Cotton Mills v. Alexander,* 143 Ga. 42, 43 (84 SE 118) (1914). Appellant did not specifically move for the joinder of these other persons, but he did assert the matter in his answer; this was sufficient to invoke the discretion of the trial court under Code Ann. § 81A-119. *Weiss v. Gunter,* 144 Ga. App. 513 (241 SE2d 623) (1978).

Under the circumstances of this case, however, the trial court appears justified in not having ordered joinder of the three alleged joint contractors. From the commencement of the suit through the trial, appellee maintained that the contract was between appellee and appellant only. It was undisputed that at the time of the performance, as well as the time of the filing of the materialmen's lien, appellant was the sole registered owner of the property on which the grading had been done (and against which appellee sought the lien). Appellant's failure to move squarely that the other persons be joined, along with the trial appearances of the three persons on behalf of appellant, suggests a strategy to expound the proposition that the jury could not find appellant liable since the other alleged joint contractors were not parties to the action, rather than an indication of a great concern that a just adjudication could not occur without the joinder. At best, the testimony created a jury question as to who entered the contract, and in charging the jury the trial court submitted verdict options that allowed the jury to find that appellant either had joint contractors or contracted alone with appellee.

Assuming arguendo that the trial court should have instructed the jury on joint liability and included an appropriate form of verdict for use in the event the jury found a joint contract, the failure to do so would be harmless error in this case. The jury's verdict, in response to the trial court's charges, obviously indicated that it found the contract to have been entered by appellee and appellant only. To be reversible, error must be harmful. *Ballenger Corp. v. Dresco Mechanical Contractors,* 156 Ga. App. 425 (274 SE2d 786) (1980).

3. Enumerations 5 and 6. The trial court properly refused to give appellant's requested charges concerning damages, contract performance, and set-off, as those charges were either not authorized or not adjusted to the evidence adduced. The charge relating to the excuse of one party's non-performance because of the acts of the other party were inapplicable to the facts of this case. Appellant's

requested charge quoting from Code Ann. § 20-1104 is inappropriate because appellee had not prevented appellant from performing under the contract; likewise, there was no evidence of any dependent covenants to support the requested charge based on Code Ann. § 20-904. A request to charge is properly refused in such circumstances. *Ward v. State,* 199 Ga. 203 (33 SE2d 689) (1945); *Johnson v. State,* 235 Ga. 486 (220 SE2d 448) (1975).

Similarly, the requested charges pertaining to damages did not precisely adjust to the instant case the principles of determination of damages, relative to the contract consideration. In any event, the instructions given by the trial court did not deprive the jury of its prerogative and task and of determining the extent of the damages. In the forms of the verdict, the trial court allowed the jury the option of finding the amount due under the contract, rather than specifying the amount sought. In one alternative, the court described the measure of damage as "the value of the work that you find was done by the plaintiff upon the real estate involved . . ." Examination of the entire charge thus reveals that the jury was sufficiently charged on the determination of damages, although not in the exact legal terminology requested by appellant, and the trial court did not err in refusing to charge appellant's request. *Kelly v. State,* 241 Ga. 190 (243 SE2d 857) (1978); *Bailey v. Todd,* 126 Ga. App. 731 (191 SE2d 547) (1972).

The requested charge on set-off was completely unauthorized by the evidence. Code Ann. § 20-1302 provides that "between the parties themselves any mutual demands, existing at the time of the commencement of the suit, may be set off." Quite simply, appellant's evidence went to an alleged debt incurred by a corporation to correct the grading work performed by appellee. This would not be subject to set-off in the instant case, and the charge was properly refused obviously because of no supportive evidence. *Burgess v. State,* 117 Ga. App. 284 (160 SE2d 411) (1968).

4. Enumeration 7. We need not address appellant's argument that the trial court should have charged the jury on the necessity of substantial compliance by the party claiming the lien, as provided in Code Ann. § 67-2002. Appellant did not request such a charge and did not object to its omission before the jury returned its verdict, thereby waiving any objection. *Gunter v. State,* 223 Ga. 290 (154 SE2d 608) (1967). Further, the jury did not set forth a lien on the property, rendering the omission, even if error, harmless.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 23, 1982.

*James E. Friese,* for appellant.
*Jesse G. Bowles,* for appellant.