## 64739. BROOKS et al. v. CELLIN MANUFACTURING COMPANY, INC. et al.

DEEN, Presiding Judge.

Sally Brooks and her daughter, Jodi, brought suit against Cellin Manufacturing Co., Inc.; Continental Broadcasting, Inc., d/b/a R. L. Page Insulation Co., Inc.; Gerald A. Blounder, David Berkman and Felix Dziewienski, individually and jointly d/b/a Tempo Management; and Royal Developers, Inc., alleging that their personal property was destroyed by a fire in the apartment building in which they resided and that the fire was caused by the negligence of the defendants in installing cellulose insulation in the attic of the building. They appeal following a jury verdict which responded to special interrogatories by finding negligence on the part of all the defendants except Cellin, but did not find that their negligence was the proximate cause of the fire.

1. The trial court did not err in refusing to allow counsel for the plaintiffs to introduce testimony concerning remedial measures taken by employees of the defendants after the fire.

In *Ga. Sou. &c. R. Co. v. Cartledge,* 116 Ga. 164 (42 SE 405) (1902), the court overruled prior case law and held that henceforth evidence of subsequent repairs or changes were not admissible in negligence cases for the purpose of proving that the defendant was negligent in not having made the repairs or taken precautions prior to the accident. The public policy for excluding such evidence is "that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrongdoers." Id. at 168. See also *Atlantic C. L. R. Co. v. Sellars,* 89 Ga. App. 293 (79 SE2d 35) (1953). Indeed, it is well-recognized that the usual purpose in seeking the admission of such evidence is for it to serve as the basis for the inference that the defendant impliedly admits his realization of negligence. *Chastain v. Fuqua Industries,* 156 Ga. App. 719 (275 SE2d 679) (1980); *Stuckey's Carriage Inn v. Phillips,* 122 Ga. App. 681 (178 SE2d 543) (1970). Recognized exceptions to this rule are set forth in *Gunthorpe v. Daniels,* 150 Ga. App. 113 (257 SE2d 199) (1979).

Appellants do not claim to come within these exceptions, but maintain that the appellees opened the door to testimony concerning subsequent acts of the appellees when an employee of Page Insulation, who testified that he had been involved by the installation of the insulation that was blown into the attics of the apartment buildings without regard to certain recess light fixtures and other heat sources, was asked: "To your knowledge, did any of the other

buildings in the Tempo complex that you had installed insulation in prior to building C, to your knowledge did any fire occur in those buildings?" Appellants contend that they should have been permitted to ask the witness on cross-examination about the defendant's acts following the fire in reentering the attics of the other buildings where insulation had been installed and removing it from over the recessed lights and other heat sources, and about the subsequent removal of all the cellulose insulation from the buildings. They contend that allowing the question to stand unrebutted left the impression with the jury that two out of the three buildings where cellulose insulation was piled up over heat sources did not have a fire. Counsel for appellee Continental Broadcasting, d/b/a R. L. Page Insulation, contends that the court reporter's omission of a comma from the question in the transcript alters the meaning of her question as she intended to ask questions only about fires prior to the fire in building C. An examination of the record shows that the trial court carefully considered the evidence as it was presented and reviewed the case law and public policy favoring the exclusion of such evidence. We therefore are unable to say that his decision was unfair to either party and it will not be disturbed by this court.

2. The trial court did not err by failing to recharge the jury on all aspects of proximate cause. From the transcript it is apparent that the jury did not fully understand the term "proximate cause" after the court's original charge and asked the court to redefine the term. After the recharge, the foreman responded "All right" and the jury retired to deliberate. Before the verdict was published, the court inquired: "Mr. Smith, before we take this verdict, I want to make something — I want to make sure of something. After your request for me to redefine proximate cause, did you understand, you believe the jury understood that definition?" The juror responded, "I do, sir." The court: "As it applies to the entire charge?" Juror: "Right, sir." Court: "This is that proximate cause, that intervening causes, joint causes, concurring causes, all of those, do you believe the jury understood all that?" Juror: "Yes, sir." We find no error, as there is no evidence the jury did not understand the recharge. When the jury requests clarification of a specific point the court is not required to restate its entire charge; it is only required to give such parts as are necessary to answer the jury's request. *Elliott v. Floyd,* 85 Ga. App. 416 (69 SE2d 620) (1952). See also *Burnett v. Doster,* 144 Ga. App. 443 (241 SE2d 319) (1978).

*Judgment affirmed. Shulman, C. J., Quillian, P. J., Birdsong and Sognier, JJ., concur. McMurray, P. J., Banke, Carley and Pope, JJ., dissent.*

Decided January 19, 1983 —
Rehearing denied February 8, 1983 — 

*William C. Lanham, Clark H. McGehee,* for appellants.
*Robert L. Pennington, Joseph W. Watkins, Michael Goldman, N. Karen Deming,* for appellees.

Pope, Judge, dissenting.

Plaintiffs' first enumeration cites as error the trial court's refusal to allow them to introduce evidence of subsequent remedial measures taken by defendants "when such evidence was highly probative and went to the gravamen of this action and a proper predicate had been laid for the introduction of such evidence." I disagree with the majority's conclusion that the trial court's exclusion of such evidence in this case was not error. Thus, I respectfully dissent.

As noted by the majority, this case involves an action by plaintiffs against defendants for recovery of damages for the loss of certain personal property destroyed by a fire in the apartment building in which they lived. Plaintiffs contend that the fire was caused by the negligence of the defendants in installing cellulose insulation in the attic of the apartment building, part of the Tempo Continental Apartments complex. The jury returned a verdict finding that all defendants except the manufacturer of the insulation were negligent, but that such negligence was not the proximate cause of the fire.

Plaintiffs' allegation of negligence in this case was that the cellulose insulation (ground up paper and newsprint which had been treated with a fire retardant chemical to inhibit its flammability) was improperly installed around or on top of recessed lighting fixtures and/or other possible heat sources, which led to an excessive buildup of heat around such sources resulting in the ignition of the cellulose insulation or any flammable building material nearby. The basis for this enumeration of error is certain testimony given by the employee of one of the defendants who had installed the insulation. This testimony, elicited on cross-examination by counsel for one of the defendants, is as follows: "Q. . . . I believe you testified that you had installed insulation in two or three other buildings prior to Building C [the building destroyed by fire]; is that your testimony? A. Maybe four. Q. Okay. Did you install the insulation in the same manner in those buildings as you did in Building C? A. Yes, ma'am. Q. . . . You had blown [cellulose] insulation in other buildings other than the Tempo Continental complex . . . prior to this Tempo complex job that you did; is that correct? A. Yes, ma'am. Q. Are you aware of any fires

ever having resulted from cellulose insulation installation that you blew in prior to this fire? A. No, ma'am. Q. Did you blow in that insulation in the same manner you blew it in in these buildings? A. Yes, ma'am. Q. Did these other buildings in other complexes you have installed cellulose insulation in, did they have recessed light fixtures? . . . A. Maybe some of them did. Some of them didn't. Q. To your knowledge, *did any of the other buildings in the Tempo complex that you had installed insulation in prior to Building C, to your knowledge, did any fires occur in those buildings? A. No, ma'am."* (Emphasis supplied.) In light of the fact that this case was tried more than three years after the date of the fire, I agree with the observation of the trial court relating to the emphasized portion of the foregoing testimony: "It seems to me . . . that you are trying to leave with the jury an inference that you have three buildings out there that have not caught fire." This inference struck at the heart of plaintiffs' case. The testimony proffered to rebut this inference would have shown that on the day following the fire defendants went to the attics in the remaining buildings at Tempo Continental and pulled all insulation back from the recessed lights and placed metal shields around them.

As the majority correctly points out, evidence of remedial measures taken after an accident is generally excluded on public policy grounds. There are some limited exceptions to this rule. II Wigmore, Evidence § 283 (Chadbourn rev. 1979). Although plaintiffs' situation does not fall within any of the exceptions enumerated by Wigmore, the rebuttal evidence proffered by plaintiffs should have been admitted in this case. A fair reading of defendants' question on cross-examination shows that the information requested related to the condition of the remaining buildings at Tempo Continental at the time of trial. The response, indicating that no other fires had occurred at Tempo Continental, allowed the jury to infer that no fires had occurred in the remaining apartment buildings up to the time of trial over three years after the subject fire *under substantially the same conditions as existed when Building C burned.* The truth of the matter, however, was that certain significant changes had been made in the insulation subsequent to the fire in Building C. My sense of fair play is offended by the exclusion of plaintiffs' rebuttal evidence in this case where defendants attempted (inadvertently or not) to use evidence of conditions at the time of trial in an effort to establish their freedom from negligence. Fairness requires that plaintiffs be allowed to place evidence before the jury to rebut such an inference. "[B]ut, if so admitted, the jury should be cautioned as to the limited purpose for which it is received and admonished not to consider it as evidence of negligence or as an admission thereof." *Stuckey's Carriage Inn v. Phillips,* 122 Ga. App. 681, 687 (178 SE2d 543) (1970). Under the

peculiar circumstances in this case, I would reverse the judgment of the trial court and remand the case for a new trial.

I am authorized to state that Presiding Judge McMurray, Judge Banke and Judge Carley join in this dissent.