## 75289. WACO FIRE & CASUALTY INSURANCE COMPANY et al. v. ROBERSON.

(366 SE2d 376)

McMURRAY, Presiding Judge.

The tort action was filed on behalf of Richard R. Roberson by his wife and next friend Bessie G. Roberson. The complaint alleged that plaintiff Richard R. Roberson was injured when his automobile collided with a vehicle negligently operated by defendant Nichols, acting as the agent, employee or servant of defendant Perkins Timber Company. Defendant Eddie Perkins and defendant Perkins Hardwood Lumber Company were added as parties in an amended complaint which alleged that these additional defendants and defendant Perkins Timber Company conspired to deplete the assets of defendant Perkins Timber Company. The United States of America intervened to recover the value of certain medical and hospital care furnished Richard R. Roberson by virtue of his status as a veteran.

Waco Fire and Casualty Insurance Company (Waco) had issued a policy of liability insurance to defendant Perkins Timber Company and was allowed to intervene and deposited $100,000 into the registry of the trial court as a tender to plaintiff, such sum to be transmitted to plaintiff upon a determination of the liability of defendant Perkins Timber Company and defendant Nichols. As requested by Waco, the trial court ordered that the funds received into the registry of the court from Waco be deposited in an interest-bearing account.

Upon the trial of the case, the jury returned a verdict in favor of plaintiff and against defendant Nichols and defendant Perkins Timber Company in the sum of $1,500,000. Judgment followed the verdict. From the funds deposited in the registry of the trial court, $10,000 was distributed to the United States of America as full and final payment for its claim arising from the treatment of plaintiff Richard R. Roberson.

Plaintiff moved for the distribution of the funds remaining in the registry of the trial court (including interest) after the distribution of $10,000 to the United States of America. Waco opposed plaintiff's motion for distribution on the grounds that plaintiff was not entitled to the accrued interest on the deposited funds. Waco argued that its liability was limited by the insurance policy to $100,000 so that the accrued interest was the property of Waco and not plaintiff. The trial court ruled that the clerk of the trial court pay to plaintiff all sums remaining in the registry of the trial court plus any interest which had been earned on said funds from the time said funds were deposited into the registry of the trial court. Waco appeals, contending the trial court erred in awarding to plaintiff the interest accrued on the funds deposited into the registry of the trial court. *Held*:

The obligation of Waco to pay a sum of money in the case sub judice is a matter governed by the contract between Waco and its insured. Thus, our review of whether the trial court erred in directing distribution of the interest earned on the funds deposited in the registry to plaintiff must include consideration of the insurance contract.

Unfortunately, a complete copy of the insurance contract is not present in the record designated by Waco. While the record does include an endorsement to the policy apparently limiting the liability of Waco to $100,000, there is nothing indicating when this liability would attach. Nor can we speculate as to whether the portions of the insurance policy included in the record are superseded by portions of the contract omitted from the record. Thus, we cannot state, without speculation as to the terms of the absent insurance contract, that the trial court erred in ordering distribution of the interest earned to plaintiff.

Waco has failed to show error affirmatively by the record, therefore, we presume the trial court's order of distribution was correct. *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16); *Doster v. Central of Ga. R. Co.*, 177 Ga. App. 393, 400 (7) (339 SE2d 619); *King v. Skinner*, 101 Ga. App. 102, 103 (2) (112 SE2d 789); *Saliba v. Saliba*, 201 Ga. 681, 682 (1) (40 SE2d 732). A decision right for any reason will not be set aside. *Dorminy v. Dorminy*, 242 Ga. 326 (249 SE2d 49).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED FEBRUARY 24, 1988.

*Bobby T. A. Jones, Michael L. Chidester*, for appellants.
*James G. Johnson, Jr., Billy N. Jones*, for appellee.