GRAHAM *vs.* THE DAHLONEGA GOLD MINING COMPANY *et al.*

1. Where certain litigation between defendants in a bill in equity is only incidentally referred to in the stating part of the bill, and is not at all material to any question raised by the pleadings, a failure to attach such proceedings as exhibits is no ground for demurrer.

(*a.*) Besides, the pleadings in this case are shown to be voluminous, and the right to refer to them is asked, as they are in the court where this bill is pending, if it should be deemed necessary.

Graham vs. The Dahlonega Gold Mining Company et al.

2. If a continued and permanent diversion of the waters of a stream running through complainant's land has been made by means of ditch opened by the defendants, depriving him of its use for agricultural and mining purposes, there being valuable gold mines on the premises, which he is unable to work or otherwise utilize for the want of the water thus diverted, and if defendants are insolvent or rapidly becoming so, equity will interpose and grant relief by injunction.

(a.) Each day that this diversion continues is a fresh trespass, and gives an action for nominal damages, if nothing more; and equity will interpose for the avoidance of circuity and multiplicity of suits. It will also grant relief, if the trespass be destructive of the very nature and substance of the estate.

3. Objection to a bill as multifarious is not favored by courts of equity, it being the interest of the parties as well as the interest of the public that all matters in controversy between them should be settled by one suit, when it can be done with safety and without practical inconvenience.

(a.) A bill to enjoin trespassers and to establish and quiet the right to the use of a stream appropriated by others, is not multifarious or objectionable for misjoinder because it is brought against all who have participated in the wrong or procured it to be done.

(b.) The policy of the legislature on this subject considered.

September 18, 1883.

Practice in Superior Court. Injunction. Trespass. Water-courses. Damages. Parties. Before Judge ESTES. Lumpkin Superior Court. April Term, 1883.

Graham filed his bill against the Dahlonega Gold Mining Company and the Etowah and Battle Branch Gold Mining Company, alleging, in brief, as follows:

Complainant is the owner of certain lots in Lumpkin county of the value of $10,000.00, principally valuable for mining and mineral purposes, but also valuable for farming purposes. Through these lands, from time immemorial, have flowed two branches or creeks in their natural channels, and the water and water-power thereof are essential to the proper use and enjoyment of the lands for mining or agricultural purposes. On January 1, 1879, defendants, or one of them, through their officers and agents, with force and arms unlawfully entered on com-

plainant's land and cut, dug and erected a water-ditch, flumes and trestles on adjoining lands, so as to carry the water from these creeks by a different channel, and deprive him of its use, rendering his land almost wholly valueless Both of defendants are claiming title to the water-ditch by which the water is thus conveyed away; and they are engaged in litigation as to the same in the superior court of Lumpkin county and the Supreme Court of the state. The record in the case is voluminous, and leave of reference is asked without attaching it. Complainant does not. know which is the owner, but both have concluded to commit this trespass on him for their mutual benefit. The damage is already great, and if continued will be irreparable. The remedy at law is inadequate, because the defendants are foreign corporations, have little visible property in the state, are engaged in expensive and exhaustive litigation, and are now insolvent, or will soon be so. One of defendants has already recovered a judgment against the other for $7,000.00 which would be senior to a judgment for complainant for damages. Such a judgment would be unproductive. The prayers were for the recovery of damages already done, for the restoration of the water diverted, and for injunction to restrain interference therewith.

Defendants demurred to the bill on the grounds stated in the decision. The demurrer was sustained, and complainant excepted.

WIER BOYD, for plaintiff in error.

H. H. PERRY; W. P. PRICE, for defendants.

HALL, Justice.

This was a bill to restrain a trespass, which consisted in the continued and permanent diversion of a stream running through complainant's land through a ditch opened by the defendants. The bill set forth that the damage

Graham vs. The Dahlonega Gold Mining Company et al

occasioned by this diversion of the water was irreparable, in that it deprived him of its use for agricultural, domestic and mining purposes, there being valuable gold mines on the premises which he was unable to work or otherwise utilize for the want of this water thus diverted, used, and appropriated by the defendants. The insolvency of defendants was substantially, though not very distinctly charged. There was a prayer for the restoration of the water to its natural channel, and for a perpetual injunction, as also for the usual and necessary relief.

A demurrer was filed to this bill in the lower court, and sustained upon the grounds following :

(1.) Because it did not show any cause of action against defendants, or any title to relief.

(2.) For want of equity.

(3.) Because complainant had an adequate remedy at law.

(4.) Because the bill was multifarious in joining the defendants, between whom no combination or concert of action was charged.

(5.) Because complainant has referred in the bill to various suits in equity and decrees, and has failed to attach exhibits of the same to his bill. Error is assigned to the decree dismissing this bill.

1. There is nothing in the last ground of the demurrer. The litigation between the defendants about the ditch conveying the water of this and other streams is only incidentally referred to in the stating part of the complainant's bills, and is not at all material to any question raised by the pleadings ;  indeed it strikes us as impertinent to the issues sought to be made thereby. Besides these pleadings are shown to be voluminous, and the right to refer them is asked, as they are in the court where this bill is pending, if it should be deemed necessary.

2. There is manifest equity in this bill, and while there is a remedy at common law, the remedy is not adequate to meet the exigencies of the case made here. The com-

v /1-20

plaint is not against a mere fugitive or temporary trespass. The damages would seem to be irreparable, in that the complainant is deprived of the full use and enjoyment of his premises for want of the water diverted; he requires it for domestic use, and agricultural purposes, and without it is unable to ascertain and develop the mineral resources of his land; besides, it sufficiently appears from the statements in the bill, that if the defendants are not already insolvent, they are rapidly approaching it by being engaged in exhausting and expensive litigation. Each day that this diversion continues is a fresh trespass, and gives an action for nominal damages, if not something more, and the court may well interpose for the avoidance of circuity and multiplicity of suits. Code, §3219, and cases cited under this section. If the trespass be destructive of the very nature and substance of the estate, equity will grant relief. 12 *Ga.*, 464; 30 *Ib.*, 47; *Ib.*, 300. As to the interposition of equity to quiet litigation and prevent multiplicity of suits, see Code, §3233.

3. The bill is certainly not multifarious; distinct and independent matters are not joined in the same suit. Several matters of a distinct and independent nature are not therein joined against the several defendants to the bill. The complainant here claims one general right against both these respondents. This objection is not favored by courts of equity, for the sufficient reason that "it is the interest of the parties as well as the interest of the public, that all matters in controversy between them should be settled by one suit, when it can be done with safety and without great practical inconvenience." 9 *Ga.*, 278, and authorities there cited. To this case may be added many subsequent ones determined by this court on the same line of policy. There is not even a misjoinder of parties defendant in this bill. As we have before stated, it is brought to enjoin trespassers and to establish and quiet complainant's right to the use of this stream, which has been appropriated by these defendants. Any participation in this wrong

by any party renders him liable; it extends to one who procures it to be done, whether he subsequently aids further in its actual perpetration or not, and whether it be an actionable wrong *per se*, or grows out of a breach of contract, and such a person is made liable to a suit either alone or jointly with the actor. Code, §3012. In suits at law, where several trespassers are sued jointly, the plaintiff may recover against all of them damages for the greatest injury done by either; and for the settlement of the portions of the finding, as between themselves, to which each is liable, the jury may specify in their verdict the particular amount to be recovered of each, and in such cases the judgment might be entered severally. Code, §3075. But where the finding is against all, and the judgment, in accordance therewith, is entered jointly against them, and is paid off by one, the others are liable to him for contribution. *Ib.*, §3076. Nothing could evince more strongly than this the purpose of the legislature to end by a single suit the controversy growing out of the commission of such wrong between all the parties participating in its commission. In reason and justice, and according to the very spirit of these provisions of the law, this purpose is to be kept in view, whether the proceeding is at law or in equity.

Judgment reversed.