EDMISTON *v.* WHITNEY LAND COMPANY *et al.*

No. 14970.   OCTOBER 7, 1944.   REHEARING DENIED NOVEMBER 22, 1944.

*Kelley & Hamrick,* for plaintiff.

*E. Harold Sheals* and *J. Howell Green,* for defendants.

ATKINSON, Justice.   (After stating the foregoing facts.)   ■

The fourth or special ground of the motion for new trial com-

plains of the charge: "It is undisputed, gentlemen, that these two properties are what we call coterminous—that is, one begins where the other ends or vice versa, and the dispute, as you can readily see, is as to which tract of land the pump was situated on. If you can determine that issue, you will have then reached the answer to this whole problem which is a claim to $461.20. . . Is there any question from either party or any other instructions to be given the jury? If so, I will be glad to give it, if you think there are any other instructions necessary." [Counsel for Edmiston]: "Inasmuch as the burden is on the Whitney interest to establish their claim, we think it would be proper to instruct the jury that, if they find the pump was not on the Whitney property, they would find against the claim." [The Court]: "I take it there is no dispute that these properties are coterminous, and if it is not on one, it is on the other. I take it this contest contemplates that the properties are coterminous, and it is just a question, as has been argued by you, of which side of the line the pump is on." Exception is taken to this instruction as being the expression of an opinion concerning what had been proved, notwithstanding the movant's contention that the parties were not coterminous owners, but on the contrary that the sand was removed from a strip of land owned by Peachtree Hills Realty Company lying between the movant's lot and the land of the Whitneys, and that Peachtree Hills Realty Company had granted a right of user to the movant. The movant insists further that the charge converted the controversy into an issue as to the location of a land line, and relieved the Whitneys from the burden of tracing their chain of title to a common grantor.

The above criticism is without merit. In giving the charge, the trial judge was stating the contentions of the parties as he understood them. The Whitneys, in their response to the order to interplead, had averred that the real issue was as to the location of the dividing line between their property and that of the movant. In another portion of the charge, the court told the jury that they would have the pleadings out with them and that they could refer to them and see with more particularity just what was claimed by each party. It is the duty of counsel to aid the court in determining what issues should be submitted to the jury. *Anderson* v. *State,* 196 *Ga.* 468, 471 (26 S. E. 2d, 755). In the instant case,

the evidence of the Whitneys was in substance that a designated line separated their land from that of the movant and that the sand was removed from their property, while the deeds relied on by the movant showed the exclusive right in him to remove sand from a strip of land owned by a third person not a party to the case. There was no evidence that any land lay between the property of the movant and that of the Whitneys except as above indicated, and the movant was claiming the right of user to the strip, which right was not denied by the Whitneys. Under the evidence, the jury could have found but one of two things—either that the sand was taken from the Whitney land, or that it was taken from the strip the use of which had been granted to the movant. Even if the movant had a fee-simple title to the strip of land, and not merely a right of user to remove the sand, he could not assert a right to the proceeds of the sale if in fact the sand had been removed from the land of the Whitneys. Consequently, for the purposes of this case, the movant was not harmed by the instruction that the jury were to treat the respective lands as coterminous, and decide whether the sand was taken from the land of the movant or that of the Whitneys; and this is especially true where counsel for the movant acquiesced in the declared intention of the court to so instruct the jury. In the circumstances the instruction that the properties were coterminous could not have effected the verdict of the jury.

■ The evidence was sufficient to support the verdict for the claimants, and the judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. All the Justices concur.*