23915. IRVIN v. OLIVER.

ARGUED FEBRUARY 13, 1967—DECIDED MARCH 9, 1967.

*Duncan & Wall, R. F. Duncan,* for appellant.

*Davis & Davidson, Jack S. Davidson,* for appellee.

COOK, Justice. A. B. Oliver, as life tenant entitled to the exclusive possession of described land, and A. B. Oliver and Marion Harber Hill, as executors of the estate of Lovic Oliver, brought a petition against J. A. Irvin, seeking to enjoin a continuing trespass. This court, in *Oliver v. Irvin,* 219 Ga. 647

(135 SE2d 376), affirmed the judgment of the trial judge holding that there was a misjoinder of parties because the executors had assented to the devise to the life tenant, but reversed the judgment dismissing the petition, this court holding that the remaindermen were not indispensable parties to the action. The redrafted petition was brought in the name of A. B. Oliver, as life tenant.

The jury found for the plaintiff and found that the dividing line between the plaintiff and the defendant was that shown by a plat made by J. E. Hope, dated February 14 and 15, 1956, attached to the plaintiff's petition as an exhibit. The appeal is from the judgment entered on this verdict. The errors assigned are the overruling of the defendant's special demurrers to Paragraphs 8 and 9 of the petition, and the charge to the jury pertaining to processioning.

■ Paragraphs 8 and 9 of the redrafted petition are as follows: "8. On or about the 1st day of June, 1962, the defendant, J. A. Irvin, sold an adjoining tract of land to one Coker and falsely represented to Coker the true dividing line between the lands conveyed to him and the lands of plaintiff, hereinabove described. 9. That the said Coker in good faith entered upon said lands and cut and removed valuable timber and lumber therefrom based upon the false information given him by J. A. Irvin as to the correct boundary between the properties owned by J. A. Irvin and the properties owned by plaintiff."

The special demurrers attacking these paragraphs assert that they refer to a transaction between the defendant and a stranger to the action, which does not constitute any part of a continuing trespass with which the defendant could be charged by the plaintiff in this action; and that the allegations are irrelevant, immaterial, not germane to the cause of action sued on, and inserted solely for the purpose of prejudicing the jury against the defendant.

"In all cases he who maliciously procures an injury to be done to another, whether it is an actionable wrong or a breach of contract, is a joint wrongdoer, and may be sued either alone or jointly with the actor." *Code* § 105-1207; *Graham v. Dahlonega Gold Mining Co.*, 71 Ga. 296. "One who procures or assists

in the commission of a trespass, or does an act which ordinarily and naturally induces its commission, is liable therefor as the actual perpetrator." *Burns v. Horkan,* 126 Ga. 161 (3) (54 SE 946).

The allegations that the defendant sold a part of his property adjoining the property of the plaintiff and falsely represented the boundary line, causing this person to commit a trespass on the plaintiff's land, was germane to the action for continuing trespass, and it was not error to overrule the special demurrers to these paragraphs of the petition.

■ Error is assigned on a portion of the charge dealing with processioning. It is the contention of the defendant that the law pertaining to processioning was not applicable to either the pleadings or the evidence in the case. A processioning proceeding involving the disputed boundary line between the parties to the present action had been dismissed because of the failure of Oliver (the plaintiff in the present case) to join the remaindermen in the proceeding. The Court of Appeals affirmed that judgment. *Oliver v. Irvin,* 105 Ga. App. 844 (125 SE2d 695).

The plat relied on by the plaintiff in his pleadings, and on the trial of the case, was the plat made by J. E. Hope, surveyor, in connection with the processioning proceeding. At the time this plat was introduced in evidence the attorney for the plaintiff stated that he was not trying to establish a processioning proceeding, but that he was introducing the plat in evidence to establish the dividing line between the parties. The plat was then introduced without objection by counsel for the defendant.

At the conclusion of his charge the trial judge inquired of counsel for the parties if they had any objections to the charge. Counsel who then represented the defendant stated as follows: "No, sir. I think any objection I would make would simply confuse them a little more. We have stipulated this processioner thing wasn't binding, and although I think that the court said, mentioned a line set up by the processioners, I think they understand that that is not true, and under the circumstances, I think we had better just leave it lay like it is."

Section 17 of the Appellate Practice Act of 1965 (Ga. L. 1965,

pp. 18, 31) as amended by Ga. L. 1966, pp. 493, 498 (*Code Ann.* § 70-207) provides that no party may complain of the giving of an instruction to the jury or the failure to give an instruction unless he objects thereto before the jury returns its verdict, but states further: "Notwithstanding any other provision of this section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."

We construe this latter portion of the section to refer only to the failure to make objection to the charge, and not to those instances where the giving of an instruction, or the failure to give an instruction, is induced by counsel for the complaining party during the course of the trial, or specifically acquiesced in by counsel. It is always the duty of counsel, as officers of the court, to aid the trial judge in presenting the issues to the jury, and it should never be their purpose to mislead the judge in any statement made in regard to the issues involved in the case, or the law. *Anderson v. State,* 196 Ga. 468 (12) (26 SE2d 755); *Edmiston v. Whitney Land Co.,* 198 Ga. 546, 549 (32 SE2d 259); *Palmer v. Hinson,* 201 Ga. 654, 657 (40 SE2d 526); *Greenway v. Sloan,* 211 Ga. 775 (2) (88 SE2d 366).

Counsel representing the defendant in this court is not the counsel who represented him at the trial. This would not alter the fact that the defendant can not now complain of a charge specifically acquiesced in by the counsel representing him on the trial.

*Judgment affirmed. All the Justices concur.*