## A90A0589. BELL et al. v. SAMARITANO.
### (396 SE2d 520)

DEEN, Presiding Judge.

The appellants, Rhonda Bell, Loyd Richard Deaver and Olen Pirkle Smith are hairdressers who formerly worked in a shop owned by the appellee, Mario Samaritano. Deaver rented space to open his own hairstyling shop approximately one mile from Samaritano's and Bell and Smith joined him at that new place of business. All three appellants resigned on the same day and Bell and Smith took with them certain index cards containing the names and addresses of customers and, most importantly, bearing notations as to the proper formulas for chemical processing administered to customers, such as permanent waves and hair coloring. The appellants filed separate claims against Samaritano for wages allegedly owed to them for their last week of work. Samaritano counterclaimed for conversion of the chemical processing cards which he claimed belonged to him. The cases were consolidated for trial. At trial, in addition to the claim for conversion, Samaritano also presented evidence to support a claim for tortious interference with contractual relations for the hiring away of his former employees. The trial court directed a verdict to the appellants as to the wages owed them and the jury returned a verdict of $24,067 actual damages and $15,000 punitive damages on Samaritano's counterclaim. Bell, Deaver, and Smith appeal.

1. Sufficient evidence was presented to create an issue for jury determination as to whether defendant-in-counterclaim Deaver was liable as a joint tortfeasor with the other two defendants-in-counterclaim and whether defendants-in-counterclaim Bell and Smith were liable for conversion of property allegedly belonging to plaintiff-in-counterclaim Samaritano for removing customer cards from his place of business.

2. Although the appellants acknowledge that they expressly acquiesced to the jury instructions given by the trial court by stating, in response to the trial court's inquiry, that they had no objection to the jury charge, they contend that their enumerations of error regarding the jury instructions should be addressed pursuant to OCGA § 5-5-24 (c).

In *Irvin v. Oliver*, 223 Ga. 193, 196 (2) (154 SE2d 217) (1967), the Supreme Court construed the predecessor to OCGA § 5-5-24 (c) as referring "only to the failure to make objection to the charge, and not to those instances where the giving of an instruction, or the failure to give an instruction, is . . . specifically acquiesced in by counsel." The Supreme Court did not differentiate between cases where counsel acquiesced in the giving of a charge and cases where counsel acquiesced in the failure to give a particular charge. If counsel expressly acquiesces in the jury charge as given, any objection to either the inclusion

or the omission of a particular charge is waived. Under *Irvin v. Oliver*, supra, the appellants waived any objection to the jury charge.

3. The appellants also contend that the trial court erred in overruling their objection to the opinion testimony of an expert witness for Samaritano. The record shows that counsel for Samaritano asked the witness a question about the value of a customer list, which prompted an objection from the appellants asserting lack of foundation. The trial court instructed Samaritano's counsel to rephrase the question, which he did, and the witness answered the question without further objection by the appellants. Under these circumstances, the appellants preserved no objection for review.

*Judgment affirmed. McMurray, P. J., Banke, P. J., Birdsong and Beasley, JJ., concur. Carley, C. J., concurs in the judgment only. Sognier, Pope and Cooper, JJ., dissent.*

POPE, Judge, dissenting.

I dissent from Division 2 of the majority opinion. Appellants' first five enumerations of error address alleged deficiencies in the trial court's instructions to the jury. The first enumeration of error asserts the trial court erred in failing to charge the jury on the measure of damages for appellee's counterclaim for tortious interference with contractual relations between the appellee and his employees. The record reflects that the jury was instructed on the measure of damages for conversion of personal property but no instruction was given on the measure of damages on the tortious interference claim. Appellants expressly acquiesced to the instructions given by the trial court by stating, in response to inquiry at the conclusion of the charges, that they had no objection to the charges. However, I disagree with the majority that the appellants thus waived their right to object to the charge on appeal.

Pursuant to OCGA § 5-5-24, an appellant in a civil case may not complain of the failure to give instructions to the jury if no objection was made to the instructions before the jury returns its verdict *unless*, on appellate review, it appears that a substantial error was made in the charge which was harmful as a matter of law. Here, the charge was deficient as a matter of law. "Where several different elements of damages are claimed, it is error requiring the granting of a new trial for the judge to fail in his charge to the jury to give them any rule for estimating the damages claimed; and this is true notwithstanding no written request for such charge is made by the [appealing party]." (Citations and punctuation omitted.) *Southeastern Greyhound Lines v. Hancock*, 71 Ga. App. 471, 473-474 (31 SE2d 59) (1944). Because the jury was given no instruction on the measure of damages for one of the theories of recovery alleged in the counterclaim, I conclude that the failure amounted to error as a matter of law even though the ap-

pellants failed to request such a charge and stated they had no objection to the charges given as a whole.

Those cases in which the appellate courts have held that OCGA § 5-5-24 (c) does not preserve the issue for appeal, when the appellant specifically acquiesced to the charge, have involved instances in which the objection related to the *giving* of a particular instruction and not to the *failure* to give instruction. See *Irvin v. Oliver*, 223 Ga. 193 (2) (154 SE2d 217) (1967); *Brown v. Garcia*, 154 Ga. App. 837 (1) (270 SE2d 63) (1980). In fact, in both these cases, the record shows a discussion was held between the trial judge and counsel for appellant on the specific charge which was later made an issue on appeal and the counsel acquiesced to the giving of that particular charge. Here, counsel merely made a blanket response of "no objection" to the trial court's inquiry at the conclusion of the instructions as a whole. An inquiry as to whether the parties have any objection to the charge is almost universally made by trial judges at the conclusion of their instructions to the jury. By holding that a negative response to that question (as opposed to positive acquiescence to a particular charge, as in the cases cited above) will preclude an appeal on a charge that is deficient as a matter of law, the majority, I believe, has left OCGA § 5-5-24 (c) with no purpose or meaning.

I agree that the remaining four enumerations of error relating to the charge to the jury have no merit. Appellants failed to raise an objection to these charges at trial and since, unlike the first enumeration of error, these remaining enumerations of error do not involve charges which are erroneous as a matter of law, then objection to them is waived and we may not review these charges pursuant to OCGA § 5-5-24 (c).

I am authorized to state that Judge Sognier and Judge Cooper join in this dissent.

DECIDED JULY 11, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Davidson & Fuller, Stephen P. Fuller*, for appellants.
*Michael J. Anderson*, for appellee.