## A03A0822. BROWN v. GARRETT.
### (584 SE2d 48)

BARNES, Judge.

Nichelle Brown appeals a judgment entered on a jury verdict awarding her $17,250 and directing her to return to Ernest Garrett a car she bought from him for $25,250. Brown contends that the trial court erred in recharging the jury on the proper measure of damages. We agree and reverse.

Brown alleged that Garrett fraudulently misrepresented the condition of the used Infiniti QX4 she bought from him. "In general, a

---

party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." *Ainsworth v. Perreault*, 254 Ga. App. 470, 471 (1) (563 SE2d 135) (2002). Brown subsequently sued Garrett, alleging fraud and breach of contract.

If Brown recovered pursuant to a fraud claim, she was entitled to keep the car. *Holloman v. D. R. Horton, Inc.*, 241 Ga. App. 141, 145-146 (3) (524 SE2d 790) (1999). Her damages would be the difference between the real value of the car and the value of the car as represented to her. *Rodrigue v. Mendenhall*, 145 Ga. App. 666, 668 (2) (244 SE2d 598) (1978). If she recovered pursuant to a rescission claim, she would be required to return the car but would be entitled to recover the purchase price. *Brown v. Techdata Corp.*, 238 Ga. 622, 626-627 (234 SE2d 787) (1977).

At trial, Brown testified that, after she discovered that the vehicle had been salvaged and began having problems with it, she called Garrett and offered to return the car in exchange for the purchase price. She then sent him a letter requesting that he return her money and take possession of the car. Garrett responded with a letter in which he pointed out that she had purchased the car "as is," again declining to rescind the contract.

The trial court gave Brown's only requested charge on damages as follows:

A person injured by another's fraud is entitled to recover such an amount as will compensate him or her for the loss or injury actually sustained. If, therefore, you find from the evidence that the defendant's acts constituted a fraud on the plaintiff you should award the plaintiff such damages as would place her in the position she would have occupied had she not been defrauded.

An hour after the jury retired to deliberate, it sent out the following question: "Can we award an amount of money back to the plaintiff and require the car to be returned to the defendant?" The trial court responded: "If you award any sum of money to the plaintiff, the car will by operation of law, which means automatically, be returned to the defendant." A lengthy colloquy ensued between the court and a juror, with the juror confirming that the jury could award a lesser amount than the original contract price if it chose to do so.

Brown objected to the recharge, on the ground that if the contract were rescinded, the amount awarded had to be the purchase price plus whatever interest the jury decided to award. The court referred to Brown's requested charge on damages for fraud, and Gar-

rett said he understood that both parties and the court had agreed that the vehicle would be returned by operation of law. After additional discussion, the court agreed to recharge the jury on Brown's requested damages charge, but before it did, said,

> I understood that we agreed that if there is a verdict for the plaintiff, by operation of law, if there's a verdict for the plaintiff, the effect of that verdict would be that the vehicle in question is returned to the defendant. . . . And if the jury comes back with a sum that you may not be satisfied with, so be it. Is that correct? The vehicle is still returned to the defendant by operation of law and the plaintiff receives the damages the jurors awarded.

Brown responded, "I'll have to do a little more research on that, Judge. But as of right now, that — if that's what they do, it may be — that might be it. I don't know what else we can do right now, Judge."

The court then charged the jury again:

> You asked a question which I'll read again. Can we award an amount of money back to the plaintiff and require the car to be returned to the defendant? There's no place on the verdict form that mentions the car. And the reason for that is if you do award a sum of money to the plaintiff, the car would be returned to the defendant by operation of law. And the amount that you're to award the plaintiff is an amount, if you find that there is liability, that is, the defendant did defraud the plaintiff as the plaintiff claims, then you are to award the plaintiff money to compensate her for her loss. Now, in that regard I'm going to read this instruction to you, which I did read once before. A person injured by another's fraud is entitled to recover such an amount as will compensate him or her for the loss or injury actually sustained. . . . If, therefore, you should find from the evidence that the defendant's acts constituted a fraud on the plaintiff, you should award the plaintiff such damages as will place her in the position she would have occupied had she not been defrauded.

The jury deliberated for another hour and 40 minutes, and then returned the next day to deliberate further. The next morning, before the jury retired again, the foreperson asked the court to recharge on the definition of "as is," and on the elements of fraud, which the court did. Two hours later, the jury returned a note that said, "Four, plaintiff. Eight, defendant. We have reached an impasse." The court delivered an *Allen* charge, and the jury began deliberating again.

At 11:48 a.m., the court brought the jurors back into the courtroom, told them it was considering a lunch break, and asked if they had any other questions. Another lengthy colloquy ensued between the jurors and the court, in which the jurors specifically asked if they could award Brown less than the original contract amount.

> THE COURT: The amount that you are to award her will be the amount as will compensate her for the loss or injury actually sustained. That is the amount. I think —.
> UNIDENTIFIED JUROR: So it can be less than the — so your answer is —.
> THE COURT: Whatever amount — the amount that you award her would be whatever amount that you think it should be, would be, to compensate her for the loss or injury actually sustained. Whatever amount you think it would be —.
>
> UNIDENTIFIED JUROR: Okay.
> THE COURT: — to compensate her for the loss or injury actually sustained. Does that answer your question?
> [THE FOREPERSON]: Yeah.

After the jury was dismissed for lunch, Brown excepted to the recharge to the extent that the court did not recharge the second paragraph of her request to charge on damages. The jury then returned its verdict, finding for Brown in the amount of $17,250 and finding that Garrett's conduct did not show wilful misconduct, fraud, or any other grounds for punitive damages. The trial court directed Brown to draft a judgment that included the provision that Brown return the Infiniti to Garrett.

1. The trial court clearly erred by instructing the jury and directing that the judgment provide that the car be returned to Garrett by operation of law once the jury returned a verdict awarding any damages to Brown. The correct measure of damages upon a finding for Brown, as discussed earlier, depends on which theory of recovery the jury applied. If the contract was rescinded, the car returns to Garrett and the purchase price is refunded to Brown; if the jury found fraud, Brown would retain the car and receive damages for the difference between the real value of the car and the value of the car as represented to her.

OCGA § 5-5-24 (c) directs this court to "consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." "A charge 'harmful as a matter of law' is one that is blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some

extent at least, been deprived of a fair trial because of it, or a gross injustice is about to result or has resulted directly attributable to the alleged errors." (Citation and punctuation omitted.) *Shilliday v. Dunaway*, 220 Ga. App. 406, 411 (8) (469 SE2d 485) (1996). The Supreme Court has held that reversals because of erroneous jury charges to which no exception was taken fall into four categories: (1) the sole issue for decision was erroneously presented; (2) the error was likely to influence the jury to find against the defendant or return a larger verdict; (3) the error was so blatantly apparent and prejudicial that it raises the question whether the losing party received a fair trial; or (4) a gross injustice resulted, directly attributable to the error. *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988).

In this case, the trial court's erroneous recharges directing the jury that the car would be returned to defendant Garrett by operation of law is "so blatantly in error as to raise the question whether . . . appellant was deprived of a fair trial because of the erroneous charge." *Drug Emporium v. Peaks*, 227 Ga. App. 121, 126 (2) (a) (488 SE2d 500) (1997). Further, "[t]he error in this case was an error of law and it was prejudicial because it went to the primary issue in the case, the value of the [car]." *Pendarvis Constr. Corp. v. Cobb County-Marietta Water Auth.*, 239 Ga. App. 14, 17 (2) (520 SE2d 530) (1999). Finally, the error resulted in a gross injustice, directly attributable to the error, because nothing in the evidence supports the jury verdict and subsequent judgment returning the car to Garrett. *Marek Interior Systems v. White*, 230 Ga. App. 518, 521 (3) (496 SE2d 749) (1998). Garrett bought the car for $9,075, sold it to Brown for $25,250, and under this judgment would get the car back and keep $8,000 of the sale price. "The erroneous charge went to the heart of [Brown's] case and the verdict . . . cannot stand." *Bloom v. Doe*, 214 Ga. App. 90, 92 (1) (447 SE2d 72) (1994).

2. Due to our holding in Division 1, Brown's remaining enumerations of error are moot.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 19, 2003.

*Jones, Jensen & Harris, Richard E. Harris*, for appellant. *Wood, Odom & Edge, Arthur B. Edge IV*, for appellee.