**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 23, 2021**

# In the Court of Appeals of Georgia

A21A0624. DURHAM v. DOLLAR TREE STORES, INC. et al.

MARKLE, Judge.

Erica Durham filed this premises liability action against Dollar Tree Stores, Inc., and Superior Floorcare Services, LLC, after she slipped and fell in a Dollar Tree store in 2016.[1] Following a trial, the jury found the defendants were negligent and awarded damages, but also found Durham 50 percent at fault. As a result, the trial court reduced Durham's damages to $0 under OCGA § 51-12-33 (g). Durham now appeals, arguing that the trial court erred by issuing an incomplete jury instruction on apportionment, and that the proceedings were tainted when a juror fell asleep during

---

[1] Durham was represented by counsel during the trial, but has filed this appeal pro se. Additionally, in the complaint, Durham identified Superior Floorcare by the wrong name. The correct name for the company is Superior Floorcare Services, LLC.

the trial. For the reasons that follow, we reverse the trial court's denial of the motion for new trial, and remand the case for further proceedings.

Viewing the evidence in the light most favorable to the verdict, *Clements v. Weaver*, 301 Ga. App. 430 (687 SE2d 602) (2009), the record shows that, while visiting family in Georgia in 2016, Durham went shopping at a Dollar Tree in Stockbridge shortly before the store closed. As she walked through an aisle, she slipped and fell on a wet spot. The assistant manager called 911, and Durham was transported to the hospital. As a result of the fall, Durham suffers from continued lower back pain, and pain in her shoulder, left leg and knee.

Durham filed the instant complaint against Dollar Tree and Superior Floorcare, alleging premises liability, vicarious liability, and negligent training and supervision.[2] At trial, the jury heard Durham's testimony as to the incident and the resulting injuries. Durham also submitted her medical records detailing various emergency room and doctor visits, which also showed lapses in treatment in excess of six months. The chiropractor who treated Durham testified that Durham often missed appointments and was non-compliant with the treatment plans.

---

[2] Durham also requested punitive damages, but the trial court granted the defendants' motion for summary judgment on that issue. Durham does not argue error in this regard.

2

The trial court instructed the jury that if the damages were caused by more than one defendant, the jury should apportion fault among the parties who were liable, including Durham, without deducting from the amount of damages. It further advised the jury that "[i]f you should determine from the evidence that the Plaintiff failed to use ordinary care and this failure was the sole proximate cause of the Plaintiff's injuries, then the Plaintiff could not recover[.]" It did not, however, charge the jury that Durham would recover nothing if found to be at least 50 percent liable.

The jury found that a hazard existed, that the defendants knew of it, and that they were negligent. But the jury also found that Durham was contributorily negligent, and it apportioned her fault as 50 percent, with 25 percent fault attributed to each of the defendants. It awarded Durham $8,976 in damages, which the court remitted to zero under OCGA § 51-12-33 (g) due to the jury's finding that Durham was 50 percent responsible. Durham moved for a new trial, which the trial court denied after a hearing.[3] Durham now appeals.

1. Before we turn to the arguments raised on appeal, we are obligated to consider our jurisdiction over this appeal. *Pathfinder Payment Solutions, Inc. v.*

---

[3] Following the entry of judgment, the defendants moved for attorney fees, which the trial court denied. They have not filed a cross appeal to raise this issue.

3

*Global Payments Direct, Inc.*, 344 Ga. App. 490 (810 SE2d 653) (2018); *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). The defendants argue that we should dismiss the appeal because Durham was required to file an application for discretionary appeal under OCGA § 5-6-35 (a) (6) after the jury awarded damages of less than $10,000. We conclude that jurisdiction is proper.[4]

In determining that we have jurisdiction, we turn to our appellate jurisdiction statutes, "afford[ing] the text its plain and ordinary meaning, viewed in the context in which it appears, and read in its most natural and reasonable way." (Citation and punctuation omitted.) *Carpenter v. McMann*, 304 Ga. 209, 210 (I) (817 SE2d 686) (2018).

Although generally, a final judgment is directly appealable, that right is subject to the limitations in our discretionary appeals provisions. See OCGA § 5-6-34 (a) (1); *Pathfinder Payment Solutions, Inc.*, 344 Ga. App. at 490. Under OCGA § 5-6-35 (a) (6), a party must file an application for discretionary appeal to pursue an appeal "in all actions for damages in which the judgment is $10,000.00 or less[.]" A "judgment"

---

[4] In at least one other case we have allowed a direct appeal from a verdict in which the jury found both parties negligent and assigned fault to the plaintiff as 50 percent, thereby barring recovery. See *Quynn v. Hulsey*, Case No. A19A0689 (unpublished), reversed on other grounds by, *Quynn v. Hulsey*, 310 Ga. 473 (850 SE2d 725) (2020).

4

for the purposes of OCGA § 5-6-35 (a) (6) is the "*final result*" of the claim for damages. (Emphasis supplied.) *City of Brunswick v. Todd*, 255 Ga. 448, 449 (339 SE2d 589) (1986). As our Supreme Court has explained,

> in OCGA § 5-6-35 (a) (6), the General Assembly has expressed the clear intent to require an application to appeal when the judgment at issue is between one cent and up to and including the statutory maximum, which presently is $10,000; the purpose of the statute is to limit appeals in those cases where the factfinder has decided that the damage involved was $10,000 or less. . . . [O]ne cent was chosen rather than zero because a 'take nothing' verdict often reflects the jury's decision on liability issues rather than a determination that the damage involved was low.

(Citations and punctuation omitted.) *Cooney v. Burnham*, 283 Ga. 134, 136 (657 SE2d 239) (2008).

We have never addressed whether the discretionary appeal procedures applied where, as here, the trial court reduced the jury's damage award under the apportionment statute. Thus, we must determine the effect of the apportionment provision on Durham's right to appeal.

This Court has consistently held that a verdict in favor of the plaintiff but awarding zero damages is, in legal effect, a defendant's verdict making the judgment directly appealable. *Moore v. TCI Cablevision of Georgia, Inc.*, 235 Ga. App. 796,

5

798 (1) (510 SE2d 96) (1998); see also *Pathfinder Payment Solutions, Inc.* 344 Ga. App. at 492 (recognizing that "OCGA § 5-6-35 (a) (6) applies to actions in which the judgment at issue is from one cent through $10,000, but does *not* apply to so-called 'zero judgments' or situations of 'zero recovery.'") (citations omitted; emphasis in original).

In contrast, in cases involving set offs, we consider the amount of damages the jury awarded and not the amount left after the trial court's reduction. See *Bales v. Shelton*, 260 Ga. 335 (391 SE2d 394) (1990); *Eberhardt v. Ga. Farm Bureau Mut Ins. Co.*, 223 Ga. App. 478 (477 SE2d 907) (1996). As our Supreme Court explained, "set-offs to the judgment that arise from some collateral source – such as prior payments, or pre-existing debts – do not help to ascertain the price tag for the injury involved in the action. Therefore, such set-offs should not be considered when deciding whether an application for appeal is necessary." (Footnote omitted.) *Bales*, 260 Ga. at 335. Notably, "[r]eductions in the damages arising from comparative negligence . . . are not set-offs[.]" Id. Regardless, this rationale would not apply where the final result is effectively a defense verdict because the award is zero. See *Moore*, 235 Ga. App. at 798 (1); *Pathfinder Payment Solutions, Inc.*, 344 Ga. App. at 492.

6

Consistent with our view of the "judgment" as the final result, and considering the legislature's intent that zero judgments be directly appealable, we conclude that a direct appeal lies where, as here, the final result is that the plaintiff takes zero due to the apportionment of fault. We now turn to Durham's arguments on appeal.

2. Durham first argues that the trial court erred in its instruction on apportionment because it failed to inform the jury that she would recover nothing if it found her at least 50 percent liable. She contends that we may address her claim despite the fact that she did not object to the instructions at trial, and that the instruction as given was harmful as a matter of law. The defendants argue that Durham waived her right to raise this issue by acquiescing to the jury charges, and that her failure to object to the instruction at trial or in a motion for new trial precludes our review. We conclude that Durham is not precluded from raising this issue, and that the charge as given was erroneous and prejudicial.

Under OCGA § 5-5-24 (c), "[n]otwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." But, we will not review

7

for substantial error if the appellant induced the error or acquiesced in it. *Moody v. Dykes*, 269 Ga. 217, 219-220 (3) (496 SE2d 907) (1998).

Here, Durham's failure to object at trial does not prevent us from considering her claim of error because the record does not establish that she induced the error or acquiesced to the charges as given. See OCGA § 5-5-24 (c). Durham did not object to the charges, but the charge conference was not transcribed, and there are no written instructions in the record. In ruling on the motion for new trial, the trial court found only that Durham had not objected to the jury instruction, and that there was no harmful error in them. On this record, without more, we cannot conclude that Durham affirmatively waived or acquiesced to any error in the instructions as given.[5] *Maki v. Real Estate Expert Advisors, Inc.*, 358 Ga. App. 337, __ (1) (855 SE2d 72, 75-76 (1)) (2021); see also *Pearson v. Tippmann Pneumatics, Inc.*, 281 Ga. 740, 743 (1) (642 SE2d 691) (2007) (mere failure to object is not inducing error); Compare *Irvin v. Oliver*, 223 Ga. 193, 195-196 (2) (154 SE2d 217) (1967) (counsel acquiesced to error in instruction by addressing instruction with the trial court and affirmatively stating

---

[5] The defendants also argue that Durham failed to raise the issue of error in the jury instructions with sufficient specificity in her motion for new trial. But our law is clear; an appellant is not limited to raising only those issues on appeal that were raised in the motion for new trial. See OCGA § 5-5-40 (g).

that it did not wish to give the jury any additional instruction); *Moody v. Dykes*, 269 Ga. 217, 220 (3) (496 SE2d 907) (1998) (party acquiesced in jury instruction error when counsel stated "I won't object to anything. I'll accept it all.").[6]

Turning to the merits of Durham's argument, we review the instructions as given to determine if they constituted substantial error. OCGA § 5-5-24 (c). By that we mean whether there is an error in the instruction "that is harmful as a matter of law—i.e., blatantly apparent and prejudicial to the extent it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it, or a gross injustice is about to result or has resulted directly attributable to the alleged errors." (Citation and punctuation omitted.) *Maki*, 358 Ga. App. at __ (1) (855 SE2d at 76 (1)).

---

[6] *Bell v. Samaritano*, 196 Ga. App. 612 (396 SE2d 520) (1990), does not require a different result. In that case, unlike here, the appellants conceded that they had acquiesced in the error. Were we to interpret counsel's conduct here to be the equivalent of acquiescence, we would eviscerate the purpose of OCGA § 5-5-24 (c) to correct manifest injustice and ignore the General Assembly's mandate that "appellate courts *shall* consider and review erroneous charges" that constitute substantial harmful error whether or not an objection was raised. (Emphasis supplied.) OCGA § 5-5-24 (c); see also *Pearson*, 281 Ga. at 742-743 (1). Moreover, "it is the duty of the trial court, whether requested or not, to give the jury appropriate instructions on every substantial and vital issue presented by the evidence, and on every theory of the case." (Citation and punctuation omitted.) *Maki*, 358 Ga. App. __ (1) (855 SE2d at 76 (1)).

> Reversals by reason of erroneous jury charges to which no exceptions are taken are generally those in which (1) there was an erroneous presentation of the sole issue for decision or (2) it is of a kind which would have been likely to influence the jury either to find against the defendant or to return a larger verdict than it might have otherwise done or (3) it is blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it or (4) a gross injustice is about to result or has resulted directly attributable to the alleged errors.

(Citations and punctuation omitted.) *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988); see also *Brown v. Garrett*, 261 Ga. App. 823, 826 (1) (584 SE2d 48) (2003). Although reversing a jury verdict under this provision is "very rare," *Maki*, 358 Ga. App. __ (1) (855 SE2d at 76 (1)), in this case, we conclude that the trial court's failure to give the jury the full pattern jury instruction constituted substantial error that was harmful as a matter of law.

Generally, whether the plaintiff's recovery should be barred by contributory negligence, including whether her negligence acts as a complete bar because she was at least 50 percent liable, is an issue of fact for the jury. *Storer Communications v. Burns*, 195 Ga. App. 230, 232 (393 SE2d 92) (1990); see also *Reed v. Carolina Cas.*

10

*Ins. Co.*, 327 Ga. App. 130, 132 (1) (762 SE2d 90) (2014). The pattern jury instruction at issue provides:

> If you believe that the plaintiff is entitled to recover and further find that the plaintiff is to some degree responsible for the injury or damages claimed, you should not make any reduction because of the negligence, if any, of the plaintiff. The court will enter a judgment based on your verdict and, if you find that the plaintiff was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you attribute to the plaintiff. *If you find that the negligence of the plaintiff is equal to or greater than the negligence of the defendant(s), then the plaintiff is not entitled to recover damages.*

(Emphasis supplied.) Georgia Suggested Pattern Jury Instructions (Civil) Vol. I: Civil Cases (2020), § 66.810.

Here, the trial court instructed the jury that it must apportion fault among all the parties, and that if it found Durham's conduct was the sole proximate cause of her injuries she would recover nothing, but it did not inform the jury that she would recover nothing if it found Durham at fault 50 percent or more.[7] In a case involving

---

[7] Although the defendants contend that they requested the full recitation of the Pattern Jury Instructions § 66.810, their requested instructions are also not part of the record. We do not know what position, if any, Durham advocated in this respect, but we note that the trial court found only that she had not objected.

11

the common law apportionment pre-dating the enactment of OCGA § 51-12-33 (g), we held that such omission was error. *Little Ocmulgee Electric Membership Corp. v. Lockhart*, 212 Ga. App. 282, 284 (2) (441 SE2d 796) (1994) (physical precedent only).

Durham points to *Bailey v. Annistown Road Baptist Church, Inc.*, 301 Ga. App. 677, 682-684 (2) (689 SE2d 62) (2009) (physical precedent only), to support her claim that the instruction was in error. In that case, the jury was not initially instructed that the plaintiff would recover nothing if she was at least equally at fault. 301 Ga. App. at 680. During deliberations, the jury expressed confusion over apportionment before awarding damages and finding the plaintiff 50 percent negligent. Id. at 682 (2). The trial court recognized that it had not informed the jury the plaintiff would recover nothing if found to be at least 50 percent liable, and, after re-instructing the jury about this limitation on recovery, the jury returned a new verdict finding the plaintiff 49 percent liable. Id. at 682-683 (2). This Court concluded that the trial court was obligated to re-instruct the jury "once a substantial error in the charge was discovered." Id. at 683 (2).[8]

---

[8] But see *Williams v. Kennedy*, 240 Ga. 163, 164 (2) (240 SE2d 51) (1977) (no error in failure to charge jury on comparative negligence). We note that this decision pre-dates the apportionment statute, and the Court reached this conclusion without

12

When we consider that the amount of contributory negligence is a question for the jury, the language in the pattern jury instruction, the instructions actually given in this case, this Court's decision in *Little Ocmulgee Electric*, and our application of the apportionment provision in *Bailey*, we are persuaded that the instruction as given in Durham's case was in error, and that the error was harmful as a matter of law. OCGA § 5-5-24 (c); *Maki*, 358 Ga. App. at __ (1) (855 SE2d at 76 (1)). In its verdict, the jury awarded Durham $8,976 in damages, significantly less than the amount she sought in damages, but she recovered nothing after the jury found her 50 percent liable. "Ordinarily, error is presumed hurtful unless it appears to have had no effect upon the result of the trial." (Citation omitted.) *Allen v. Spiker*, 301 Ga. App. 893, 897 (1) (689 SE2d 326) (2010) (error in granting directed verdict was harmful because court could not determine what effect ruling had on jury's determination of general damages); *Foster v. Harmon*, 145 Ga. App. 413, 414 (1) (243 SE2d 659) (1978) (evidence of disability policy was improperly admitted and such error was not harmless because jury may have mitigated damages amount due to improper evidence); see also *King Cotton, Ltd. v. Powers*, 190 Ga. App. 845, 847-848 (2) (380

_____

explanation. Id.

13

SE2d 481) (1989) (possibly confusing jury instruction about damages set off was reversible error).

The defendants contend that any error was harmless because the charge as a whole covered the necessary information, and the jury never asked questions about how the trial court would apportion the amount of damages. We cannot agree. First, the fact that the jury did not question the instruction does not establish its propriety. But more importantly, nowhere in the final charge did the trial court instruct on the zero recovery provision of § 51-12-33 (g). Rather, the instruction informed the jury that the plaintiff would recover nothing if she was *the sole proximate cause*, not that recovery would be zero if she was at least equally at fault as the defendants. These instructions do not convey the same meaning. See *Zaldivar v. Prickett*, 297 Ga. 589, 601 (2) (774 SE2d 688) (2015) ("Comparative negligence of the plaintiff, on the one hand, and the causal relationship between the wrongdoing of the defendant and the injury sustained by the plaintiff, on the other, are distinct questions. Comparative negligence is a defense that diminishes or bars the liability of the defendant notwithstanding that her conduct was a proximate cause of the injury to the plaintiff; the defense does not necessarily eliminate the causal connection."). Thus, we cannot

14

conclude that the instructions as given sufficiently covered the alleged failure to instruct the jury consistent with OCGA § 51-12-33 (g).

Because the erroneous jury instruction here resulted in substantial harm, we must reverse the trial court's denial of the motion for new trial, and remand the case for further proceedings.

3. In light of our conclusion that a new trial is warranted, we need not consider Durham's claim of error regarding the sleeping juror, as it is unlikely to occur at re-trial.

*Judgment reversed, and case remanded. Barnes, P. J., concurs. Gobeil, J., concurs in Division 1, and dissents in Division 2.*

# In the Court of Appeals of Georgia

A21A0624. DURHAM v. DOLLAR TREE STORES, INC. et al.

GOBEIL, Judge, concurring in part and dissenting in part.

Though I concur fully in Division 1 of the majority opinion, I respectfully dissent to Division 2. The record shows that Durham specifically acquiesced to the jury change as given by the trial court.

The majority concludes that Durham's acquiescence to the jury charge cannot be determined on the record. In fact, the record shows that after the trial court read the charge to the jury, the court specifically asked counsel for the parties if there were "[any] exceptions to the charge." Durham's counsel replied "[n]o, Your Honor."

This Court dealt with a nearly identical situation in *Bell v. Samaritano,* 196 Ga. App. 612 (396 SE2d 520) (1990). In *Bell,* the appellants "expressly acquiesced to the

jury instructions given by the trial court by stating, in response to the trial court's inquiry, that they had no objection to the jury charge," but requested review pursuant to OCGA § 5-5-24 (c). 196 Ga. App. at 612 (2). This Court relied on *Irvin v. Oliver,* 223 Ga. 193, 195-196 (2) (154 SE2d 217) (1967), to hold that the appellants had expressly acquiesced to the jury charge that included the omission precluding review under OCGA § 5-5-24 (c). *Bell*, 196 Ga. App. at 612-613 (2). In *Irvin*, the Supreme Court, construing the predecessor version of OCGA § 5-5-24 (c), held that the statute does not apply to "those instances where the giving of an instruction, or the failure to give an instruction, is induced by counsel for the complaining party during the course of the trial, or specifically acquiesced in by counsel." 223 Ga. at 196 (2). In reading *Irvin*, this Court noted that "[t]he Supreme Court did not differentiate between cases where counsel acquiesced in the giving of a charge and cases where counsel acquiesced in the failure to give a particular charge." *Bell*, 196 at 612 (2). Thus, "[i]f counsel expressly acquiesces in the jury charge as given, any objection to either the inclusion or the omission of a particular charge is waived." Id. at 612-613 (2).

In my assessment, these factual circumstances demand the same result as in *Bell*. Durham's counsel expressly stated that he had no exceptions to the jury charge

2

as given and that charge omitted the language that Durham now contends was error. Under these circumstances, Durham's claim is waived.[1] The majority distinguishes *Bell* by pointing to the fact that the appellants in *Bell* conceded on appeal that they had acquiesced in the error, where Durham has not done so. I find this to be a distinction without a difference. A party either acquiesces to the jury charge or not and whether the party acknowledges that acquiescence on appeal does not change the result. See *Moody v. Dykes,* 269 Ga. 217, 220 (3) (496 SE2d 907) (1998) (appellants did not acknowledge acquiescence on appeal and the Supreme Court found that the appellants acquiesced in jury instruction error when counsel stated "I won't object to anything. I'll accept it all," and in response to the trial court's inquiry, affirmed that they had no objection to the jury charge as given); *Irvin,* 223 Ga. at 195-196 (2) (even though appellant did not acknowledge acquiescence on appeal, the Supreme Court found counsel acquiesced to error in instruction by addressing instruction with the

---

[1] The majority makes a point of mentioning that the jury conference was not transcribed. However, even if Durham had objected at the charge conference, her counsel's failure to renew any such objection, results in a waiver of that issue. See *Brandon v. Clark*, 235 Ga. App. 614, 617 (2) (510 SE2d 153) (1998) ("Indeed, after charging the jury, the trial judge asked for any objections, and [appellant's] attorney responded, 'None, your honor.' Accordingly, [appellant] has waived his right to raise these issues on appeal.").

3

trial court and affirmatively stating that it did not wish to give the jury any additional instruction).

Accordingly, I would affirm the trial court's denial of Durham's motion for new trial on the jury instruction issue. And thus, I would address Durham's claim on appeal that the trial court erred in denying her motion for new trial because the trial court mishandled the situation of one of the juror's sleeping during the trial.