**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 12, 2025**

# In the Court of Appeals of Georgia

A25A1806. OOTEN v. THE STATE.

DILLARD, Presiding Judge.

After trial, Justin Ooten was convicted on counts of aggravated child molestation, aggravated sexual battery, and child molestation. Ooten appeals from his conviction for aggravated sexual battery, contending the trial court erred in its instructions to the jury on this count. For the following reasons, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the record shows that on June 10, 2021, Ericka Taylor hosted a cookout at her home, which was attended by her friend, his fiancé, and his fiancé's son—Ooten. Taylor's 15-year-old

---

[1] *See, e.g., Cawthon v. State*, 350 Ga. App. 741, 741 (2019).

daughter, E. W., was home but mostly remained in her room. And throughout the cookout, Ooten went in and out of E. W.'s bedroom.

The third and final time Ooten entered into E. W.'s room, he pushed her down and began kissing her face and neck. E. W. told Ooten "no" and to "stop," while she moved her face away. But Ooten then tried to push her shorts to the side and inserted his finger into her vagina. E. W. continued to protest while trying to push Ooten off her body. She kicked at Ooten, at which point he strangled her and ordered her to be quiet. He then grabbed her legs, pulled her shorts to the side, and placed his mouth on her vagina. Ooten then grabbed E. W.'s head and attempted to place his penis in her mouth while she moved her head away to resist.

Taylor came upstairs to check on E. W., and Ooten ran from the room. E. W. then locked herself in the bathroom, where she sobbed. She did not tell Taylor what happened because she was unsure of how her mother would react and she did not want to ruin her mother's close friendship with Ooten's future stepfather. But she did call her grandmother and relayed to her what had taken place. Later, Taylor learned about her daughter being assaulted and reported the incident to law enforcement.

Law enforcement took E. W.'s shorts into evidence and also collected a buccal swab—with consent—from Ooten's cheek. The Georgia Bureau of Investigation tested both items, and the DNA from the saliva found in the shorts matched the DNA profile from Ooten's buccal swab.

At trial, Ooten testified that he did not enter E. W.'s room, was never alone with her, and did not commit any of the acts alleged. His mother also testified that Ooten never left her sight. Even so, the jury convicted Ooten on all counts. This appeal follows.

Ooten's sole contention of error is that the trial court erred in instructing the jury that—as to aggravated sexual battery—a child under the age of 16 years old cannot give consent and, thus, lack of consent could be proven by showing the victim

was under that age.[2] And because Ooten did not object to the charge at trial, we review it for plain error.[3]

When this Court conducts plain-error review, we will reverse only if the trial court "made a clear or obvious error that was not affirmatively waived, likely affected the outcome of the proceedings, and seriously affects the fairness, integrity, or public

---

[2] The Supreme Court of Georgia has discontinued its practice of examining the sufficiency of the evidence *sua sponte* when the issue is neither briefed nor meaningfully argued on appeal. *See Davenport v. State*, 309 Ga. 385, 396 (2020) ("We cannot now identify a compelling reason to retain our current practice of sua sponte review of the sufficiency of the evidence in cases in which the appellant is not sentenced to death, and there are good reasons to abandon that practice." (emphasis omitted)). As a result, we do not consider the sufficiency of the evidence here because Ooten has not challenged it. *See Rowland v. State*, 264 Ga. 872, 874 (1995) ("The attempts to provide sua sponte appellate review of criminal appeals notwithstanding incomplete appellate filings, while laudable, do a disservice to the courts, the criminal defendant, and appellate counsel."), *overruled on other grounds by Cook v. State*, 313 Ga. 471 (2022).

[3] *See, e.g., Woschula v. State*, No. S25A0789, Slip Op. at *2 (Ga. Oct. 15, 2025) (noting that "[b]ecause [appellant] failed to renew his objection to the omission of this instruction after the charges were given, this claim is reviewed for plain error"); *accord Jivens v. State*, 317 Ga. 859, 861 (2023) (noting that "to preserve an objection to a jury charge for ordinary appellate review, the defendant must restate his objection after the court gives its instructions and before the jury retires to deliberate," and that "[a] party's failure to object to the instruction as given, or to the omission of an instruction, precludes appellate review of the instruction unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties") (punctuation omitted)).

reputation of judicial proceedings."[4] And here, although Ooten was tried in 2024, the relevant offenses were committed in June 2021. So, Ooten is correct that—at the time the sexual battery occurred—our law provided the State was required to prove lack of consent—even for acts committed against a child under the age of 16.[5]

Despite the state of the law as it existed when the offenses were committed, the trial court charged the jury as follows: "I charge you that a child under the age of 16 cannot consent to sexual acts. Lack of consent, therefore, can be proven if you find beyond a reasonable doubt that the alleged victim was under the age of 16 years old at the time of the commission of the alleged sexual acts." Thus, the trial court instructed

---

[4] *Woschula*, Slip Op. at *2 (punctuation omitted).

[5] *See State v. Williams*, 308 Ga. 228, 232 (2020) ("[T]he State is not exempt from proving lack of consent at trial merely because the victim is under the age of sixteen when establishing a violation of the aggravated sexual battery statute."); *Watson v. State*, 297 Ga. 718, 720 (2015) ("[W]e construe the statute [for sexual battery] to require actual proof of the victim's lack of consent, regardless of the victim's age.").

OCGA § 16-6-22.2 (d) now provides that "[w]hen the alleged victim is under the age of 16 years and the conduct is for the purpose of sexual arousal on the part of the alleged offender or alleged victim, consent of the alleged victim shall not be a defense to a prosecution . . . ." But this amendment only became effective July 1, 2021—several weeks *after* the events in this case occurred. *See* 2021 Ga. Laws, Act 16 (H.B. 258).

the jury in a manner not allowed by the law as it existed at the time of the incidents in question.[6]

Even so, our plain-error inquiry does not end here. Ooten can only succeed if he meets the other prongs of the test—one of which is that the error was not "affirmatively waived." And on this prong, Ooten fails. Indeed, he affirmatively waived the error by *accepting*—or agreeing to—the trial court's proposed charges at the charge conference. The court provided counsel for Ooten and the State with its proposed charges and allowed a break during which they could review them and return with any objections. Then, upon returning, when asked if he had any objections, Ooten's counsel responded: "Yeah, Judge, *I would accept the Court's charge as presented*, not having granted my request for Charge Number 2, grave suspicion, or Charge Number 24 or alibi."[7] And under similar circumstances, the Supreme Court of Georgia determined an appellant's argument of plain error was foreclosed. In *Moody v. Dykes*,[8] our Supreme Court held that counsel "expressly acquiesced" to a jury

---

[6] *See supra* note 5.

[7] (Emphasis supplied.)

[8] 269 Ga. 217 (1998).

charge when—at the conclusion of the charge conference—he said, "All right. Well, then, I won't—with that, I won't object to anything. I'll accept it all."[9] Likewise, here, counsel's statement that Ooten would "accept the Court's charge as presented" amounted to an affirmative waiver.[10]

But even if Ooten had not waived this claim of error, it is unlikely the challenged instruction affected his substantial rights given the evidence that E. W. did

---

[9] *Id.* at 220.

[10] *See Davis v. State*, 311 Ga. 225, 211 (2021) (holding that trial counsel "intentionally relinquished" any objection to the trial court's ruling when he agreed with the State's analysis and asked that all of certain previous testimony be admitted, which was "[f]ar from merely failing to object" because "trial counsel's actions constituted an affirmative waiver"); *Adams v. State*, 306 Ga. 1, 3 (2019) (holding that, by stating he had no objection, appellant "affirmatively waived any claim of error from the admission of the [evidence], so there was no plain error"); *see also Irvin v. Oliver*, 223 Ga. 193, 195 (1967) (holding that counsel acquiesced to charge when, "[a]t the conclusion of his charge the trial judge inquired of counsel for the parties if they had any objections to the charge," and counsel stated "'No, sir. I think any objection I would make would simply confuse [the jury] a little more'"); *Bell v. Samaritano*, 196 Ga. App. 612, 612-13 (1990) ("The Supreme Court [in *Irvin*] did not differentiate between cases where counsel acquiesced in the giving of a charge and cases where counsel acquiesced in the failure to give a particular charge. If counsel expressly acquiesces in the jury charge as given, any objection to either the inclusion or the omission of a particular charge is waived."). *Cf. Durham v. Dollar Tree Stores, Inc.*, 360 Ga. App. 548, 552 (2021) (explaining that defendant "did not object to the charges, but the charge conference was not transcribed, and there are no written instructions in the record" and "without more, we cannot conclude that [the defendant] affirmatively waived or acquiesced to any error in the instructions as given").

*not* consent. In addition to viewing the forensic interview in which E. W. described the incident in detail, the jury also heard her testimony that there was "a lot of struggling and fighting," Ooten "covered [her] mouth," and that she was "restricted." E. W.'s grandmother also testified about the phone call in which E. W. recounted what happened to her, and she said E. W. told her that she was "kicking him, trying to get him off of [her]." So, given this evidence, it is unlikely the instruction affected Ooten's substantial rights.[11]

---

[11] *See State v. Williams*, 308 Ga. 228, 232-33 (2020) (explaining that it was "unlikely, given the evidence presented in this case, that the instruction at issue affected [the defendant's] substantial rights" when it was "undisputed that the victim was four years old when [the defendant], on several occasions, intentionally penetrated the victim's vagina with his finger" and there was "no allegation or contention that [the defendant's] conduct was benign or non-sexual in nature, and the evidence of his actions was substantial"); *Padilla-Garcia v. State*, 372 Ga. App. 9, 12 (2024) (explaining that "under the circumstances of this case, considering the age of the victim, that the conduct was obviously sexual in nature, and that the evidence of guilt was very strong, it is unlikely the trial court's instruction affected the outcome of the proceeding"); *Whipkey v. State*, 367 Ga. App. 73, 78 (2023) ("Despite the erroneous instruction concerning the victim's 'legal' capacity to consent, given the amount of alcohol and drugs [the victim] consumed, [the defendant's] own testimony that he knew she had drunk a dozen or more shots of gin, [the victim's] testimony that she felt uncomfortable and violated, and that [the defendant's] actions were 'not right,' and her testimony about being confused and passing out, it is hard to fathom any context in which a child so impaired by alcohol and drugs would have the capacity to consent to such conduct by an adult." (punctuation omitted)); *Croft v. State*, 358 Ga. App. 380, 382 (2021) (explaining that "there was ample evidence here from which the jury could have concluded that the victim did not, in fact, consent to the sexual

For all these reasons, we affirm Ooten's convictions.

*Judgment affirmed. Mercier, J., and Senior Judge C. Andrew Fuller, concur.*

---

contact, including the sexual act specifically underlying the aggravated sexual battery charge" and thus, "even had the jury been instructed that the State had to prove lack of consent, no rational juror could have concluded, based on the record presented at trial, that the State had failed to prove that element in this case").